NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE AMGEN INC. SECURITIES LITIGATION | Case No. CV 07-2536 PSG (PLAx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER AND STIPULATION REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION**<br><br>Honorable Philip S. Gutierrez |

WHEREAS, one or more of the parties may have proprietary information and documents that are not in the public domain and are confidential, the unrestricted disclosure of which may cause undue irreparable damage to such parties; and

WHEREAS, such information and documents may be sought to be produced by and among the parties; and

WHEREAS, protecting the confidentiality of such information and documents will facilitate a timely and efficient discovery process; and

28777493.15 07056968

WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective orders requiring that certain information be revealed in specific ways;

NOW, THEREFORE, FOR GOOD CAUSE APPEARING, IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

### SCOPE

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in the above-captioned proceeding, *In Re Amgen Inc. Securities Litigation* (Case No. CV 07-2536 PSG (PLAx)) (the "Action"), whether revealed in a hard copy document, computer or other electronic record, deposition or other testimony, discovery response or otherwise, by any party in this Action (the "Producing Party") to any other party or parties in this Action (the "Receiving Party" or the "Receiving Parties").

2.      Third parties who so elect may, by written notice to the parties in this Action, avail themselves of, and thereby agree to be bound by, the terms and conditions of this Protective Order.  A third party who so elects shall be deemed a "Producing Party" with respect to Litigation Materials (defined below) it produces or discloses.

3.      Nothing in this Protective Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding, of any document, testimony, or other evidence.

4.      Nothing in this Protective Order shall preclude any party from using its own confidential information in any manner it sees fit, without prior consent of any party or the Court.

/ / /

/ / /

/ / /

2

## CONFIDENTIAL INFORMATION

5.      Any party may identify as "CONFIDENTIAL INFORMATION" any document, deposition testimony, discovery response, electronic record or information otherwise revealed, that the party considers in good faith to be entitled to protection from disclosure pursuant to Federal Rule of Civil Procedure 26(c). Such information may include, without limitation, the following: exhibits, any original written, recorded, graphic or electronic matter (and all identical and non-identical copies thereof); any copies, notes, abstracts or summaries of such information and the information itself; any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information; materials containing or reflecting the Producing Party's trade secrets, confidential research and development or other confidential or propriety information such as business plans and strategy documents; financial analyses; operations data and information; market research and market surveys; contracts; propriety computer software and related information; employee training materials; and/or internal operating procedures, policies and rules.  Documents and other materials described in the preceding sentence are referred to collectively herein (whether or not they constitute Confidential Information) as "Litigation Materials."

6.      Only non public information produced in discovery may be designated as Confidential Information.  Accordingly, Confidential Information shall not include any Litigation Materials concerning information that at any time has been:  (i) produced, disclosed or made available to the public or otherwise available for public access; or (ii) disclosed in connection with any governmental filing.  Notwithstanding the foregoing, a Producing Party may designate as Confidential Information any Litigation Materials transmitted or disclosed to any governmental entity pursuant to a written confidentiality agreement with such entity, or which is protected as confidential by statute, rule or regulation, or which

is the subject of a pending request for confidential treatment pursuant to a statute, rule or regulation.

7.     Specific Litigation Materials produced by a Producing Party and identified by that Producing Party as Confidential Information shall be designated as such by marking the appropriate pages of the document that contain such Confidential Information as follows: "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER."  The Producing Party may designate other Litigation Materials as Confidential Information by marking them in a similar manner to the extent practicable.

8.     When Confidential Information is produced in a form that is not appropriate for such stamping or marking, it shall be designated as Confidential Information in writing by the Producing Party at the time it is produced.  Such Litigation Materials shall be fully subject to this Protective Order, and any party that receives such notice shall treat such Litigation Materials in accordance herewith.

9.     Information disclosed at a deposition taken in connection with this Action, or in a deposition transcript produced in connection with this Action, may be designated as Confidential Information by one of the following means:  (i) a statement on the record during the taking of the deposition that the deposition, or some part of it, constitutes Confidential Information; or (ii) designation of the deposition transcript or some part of it as Confidential Information by means of a letter to be served on the Court Reporter and opposing counsel within fifteen (15) days of the date that the final transcript of the deposition is circulated by the Court Reporter to the parties.  The letter shall direct the Court Reporter to indicate the portions designated as Confidential Information and to treat them in accordance with this Protective Order.  Any final transcript which is distributed by a Court Reporter to counsel for the parties in this Action for which the Court Reporter has

[PROPOSED] PROTECTIVE ORDER AND STIPULATION REGARDING
CONFIDENTIAL AND PRIVILEGED INFORMATION

28777493.15 07056968

1  not received a letter instructing that the deposition or some part of it contains

2  Confidential Information, shall be marked by the Court Reporter as "Confidential –

3  Subject to Further Confidentiality Review." Transcripts so marked shall be treated

4  as Confidential Information and shall be fully subject to this Protective Order, until

5  the expiration of fifteen (15) days after the transcript was circulated by the Court

6  Reporter. If the Producing Party does not serve a designation letter within such 15-

7  day period, then the entire transcript will be deemed not to contain Confidential

8  Information.

9  ### CHANGES IN DESIGNATION

10  10.     Any party that has a reasonable expectation of confidentiality (as

11  defined below) with respect to any Litigation Materials produced by: (i) any other

12  party in this Action, or (ii) any third party which is not a party to this Action, may

13  designate such Litigation Materials as Confidential Information by providing

14  written notice to all parties pursuant to this Paragraph, not later than the time

15  specified in Paragraph 11 for re-designation of a Producing Party's own Litigation

16  Materials. For purposes of this Paragraph, a party has a reasonable expectation of

17  confidentiality if the expectation is evidenced by written agreement or

18  demonstrated by prior practice, either with the party producing such Litigation

19  Materials (whether or not such party is a party to this Action or is a third party), or

20  any other similarly situated party.

21  11.     Any Producing Party may designate as Confidential Information

22  any Litigation Materials which that Producing Party had previously produced in

23  this Action but not designated as Confidential Information, provided such

24  designation is made not later than (i) thirty (30) days after a hearing, if such

25  Litigation Materials are used at a hearing, or (ii) in accordance with the provisions

26  set forth above in Paragraph 9, if such Litigation Materials are used at a deposition;

27  or (iii) ten (10) calendar days before a final pre-trial order is due to be filed in this

28

5

1   Action, if at such time, such Litigation Materials have not previously been used at

2   a deposition or hearing.  Any Producing Party may withdraw a Confidential

3   Information designation from any Litigation Materials that it had previously

4   produced in this Action.  Redesignations, or withdrawals of, Litigation Materials as

5   Confidential Information pursuant to this Paragraph shall be accomplished by

6   notifying counsel for each party in writing.

7          12.    To the extent that any Litigation Materials designated as

8   Confidential Information herein become publicly available other than through a

9   violation of this or another protective order, or have their designation as

10  Confidential Information withdrawn or judicially removed, the Confidential

11  Information designation shall be deemed withdrawn from such Litigation

12  Materials.

13                **OBJECTIONS TO DESIGNATIONS**

14         13.    A Receiving Party may object to the designation of any Litigation

15  Materials as Confidential Information at any time and the passage of time shall not

16  constitute a waiver or otherwise impair the right of a Receiving Party to object to

17  such designation.  Any party (the "Objecting Party") may object in good faith to

18  the designation or redesignation of Litigation Materials as Confidential

19  Information by serving a written objection upon the Producing Party's counsel.  In

20  accordance with Local Civil Rule 37-1, the parties shall hold a conference of

21  counsel within ten (10) calendar days after notice of such objection, or within such

22  other time upon which the parties may mutually agree or which shall be ordered by

23  the Court.  If the parties are unable to resolve the dispute, they shall present it to

24  the Court by way of joint stipulation, as provided for in Local Civil Rules 37-2

25  through 37-3, ~~or as the parties may otherwise mutually agree~~ or as may be ordered

26  by the Court.

27  / / /

28

                                          6

28777493.15 07056968

14.     Notwithstanding the procedure set forth above in Paragraph 13, in the event that the portion of the stipulation to be completed by the party objecting to the designation shall, according to a good faith determination by that party, require declarations, the time to submit the stipulation shall be extended to 10 business days.

## LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

15.     All Confidential Information shall be used by the parties and their counsel solely for the purposes of the prosecution or defense of this Action, including preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action.  Confidential Information shall not be disclosed to anyone except as provided herein, and the contents thereof shall not be used for any regulatory, business, commercial or competitive purpose, or used in any manner in any other lawsuit, case or proceeding, whether or not factually related to this Action.

16.     If any party or non party uses any Litigation Materials designated as Confidential Information subject to this Protective Order during the course of a deposition taken in connection with this Action, that portion of the deposition record reflecting such Confidential Information shall be labeled as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and access thereto shall be limited pursuant to the other terms of this Protective Order.  During the deposition, counsel for the Producing Party of such document or other material may invoke the provisions of this Protective Order by:  (i) stating on the record during the deposition that testimony given at the deposition about a particular document or subject matter is designated as Confidential Information; or (ii) designating the transcript or portions thereof in accordance with Paragraph 9.  Any pursuant to Local Rule 37. dispute as to such designation shall be resolved by the Court.  No person shall be present during portions of the depositions designated as confidential pursuant to

7

1   this Protective Order unless such person is authorized under the terms of this

2   Protective Order to receive Confidential Information, or unless the Producing Party

3   consents to such person being present.

4          17.    Litigation Materials marked as Confidential Information pursuant

5   to this Protective Order, or copies or extracts therefrom and the information

6   therein, may be given, shown, made available to, or communicated to only the

7   following:

8       a.  the Court, all Court personnel, or any settlement mediator;

9       b.  court reporters and videographers who record depositions or other

10         testimony in this action;

11      c.  employees of copying, imaging and computer services for the purpose

12         of copying, imaging or organizing Litigation Materials, provided that

13         all Litigation Materials designated as Confidential Information are

14         retrieved by the party furnishing those Litigation Materials upon

15         completion of the services;

16      d.  named parties, including an officer, director, trustee or in-house

17         counsel of a named party or its affiliates, as well as employees of the

18         parties directly assisting those individuals;

19      e.  other employees of a named party or its affiliated companies, but only

20         for the specific purpose of working directly on the Action at the

21         request or at the direction of counsel;

22      f.  outside counsel for the named parties and employees and independent

23         contractors of such counsel to whom it is necessary that the Litigation

24         Materials be disclosed for purposes of this Action;

25      g.  consultants and experts, whether formally retained or not, to whom it

26         is necessary that the Litigation Materials be disclosed for the purpose

27         of assisting counsel in this Action;

28

8

h.  the author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment; and

i.  fact witnesses and their counsel, provided, however, that if such fact witnesses or their counsel are persons identified in Paragraph 21, disclosure of Confidential Information thereto shall be subject to Paragraph 21.

18.    Prior to the disclosure of any Confidential Information to any person identified above in Paragraphs 17(c), 17(g) or 17(i), such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that she or he has read this Protective Order and agreeing to abide by its terms. A file of all executed Certifications shall be maintained by outside counsel for the party obtaining them. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

19.    For the avoidance of doubt, nothing in this Protective Order shall require that non testifying experts or consultants be deposed or otherwise be the subject of discovery.

20.    Each deposition witness shown, questioned about, or testifying about Confidential Information during a deposition shall (together with their counsel, if any) either (i) sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that she or he has read this Protective Order and agrees to abide by its terms or (ii) be provided at the deposition with a copy of this Protective Order and be advised on the record that she or he is bound by the terms of this Protective Order, and of the applicable remedies under law for violating the terms of this Protective Order.

/ / /

9

28777493.15 07056968

21.     Before disclosing Confidential Information to (i) any person who is a current director, officer, employee of, or counsel to a pharmaceutical company, other than Amgen Inc. that, to the best of that person's knowledge, is marketing, has in development, or is contemplating development of an erythropoiesis stimulating agent ("ESA"); or (ii) a consultant who is currently consulting about an ESA for a pharmaceutical company other than Amgen Inc., the party wishing to make such disclosure shall give at least ten (10) days' written notice to counsel for the Producing Party, stating one of the following:  the name(s) and address(es) of the person(s) to whom the disclosure will be made; *or* information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection. Within the same ten day period preceding the proposed disclosure, the parties shall meet and confer in an attempt to resolve the issue.  If the parties are unable to reach a resolution, the Producing Party may file an objection to the proposed disclosure, and the issue shall be submitted to and resolved by the Court, pursuant to the procedure set forth in Paragraph 13.

22.     Court submissions containing Confidential Information shall be governed as follows:

    a. If a Receiving Party intends to use Confidential Information, including documents that contain, make reference to, reveal, disclose or summarize information contained in Litigation Materials designated as Confidential Information by another party, then the Receiving Party shall ~~file~~ submit such Confidential Information with an application to file under seal in accordance with Local Civil Rule 79-5.1; the application must show good cause.

    b. If the Receiving Party objects to the designation of the papers filed under seal as Confidential Information, such party shall serve written objection on the Producing Party within five (5) days after the filing

10

1    under seal, and the parties shall thereupon utilize the dispute

2    resolution procedure set forth in Paragraph 13.

3       c. If the Receiving Party objects to the designation as Confidential

4    Information of the papers filed under seal, then in the application

5    accompanying the filing under seal, the Receiving Party shall note

6    such objection and advise the Court that the parties are pursuing the

7    dispute resolution procedure set forth in this Paragraph and in

8    Paragraph 13.

9       d. If the Receiving Party does not object to the designation as

10   Confidential Information of the papers filed under seal, then the

11   Producing Party may submit papers in support of such application

12   within fourteen (14) days after such filing, and the Receiving Party

13   shall advise the Court in the application accompanying the filing that

14   such filing is subject to this Paragraph and that the Producing Party

15   may submit papers in support of such application pursuant hereto.

16     23.     If a Receiving Party in this Action desires to give, show, make

17   available or communicate any Litigation Materials marked or otherwise designated

18   as Confidential Information to any person who is not specifically authorized

19   pursuant to the terms of this Protective Order to have access to such Confidential

20   Information, the Receiving Party shall so notify the Producing Party and the parties

21   shall use the dispute resolution procedure set forth in Paragraph 13.  The notice

22   from the Receiving Party shall be sufficiently specific to inform the Producing

23   Party of the intended scope of the disclosure, including the name and/or job

24   description of the person to whom such disclosure is intended.  No disclosure shall

25   take place unless and until agreed to by the Producing Party or ordered by the

26   Court.

27   / / /

28

11

24.    In the event that it comes to the attention of an attorney for a Receiving Party that Litigation Materials designated as Confidential Information have been inadvertently disclosed by the party she or he represents to someone not authorized under the terms of this Protective Order to receive such information, that attorney shall immediately give notice to counsel of record for the Producing Party, and shall also describe the circumstances surrounding the unauthorized disclosure.  Any party that fails to treat Litigation Materials designated as Confidential Information in the manner provided herein shall immediately take such steps as are necessary to have such Litigation Materials placed under seal and/or restored to their confidential status consistent with this Protective Order.

25.    In the event that Litigation Materials claimed to be Confidential Information are inadvertently produced without the appropriate designation and the Producing Party desires to redesignate such Litigation Materials as Confidential Information within the time provided in Paragraph 11, then, at the election of each Receiving Party, (i) such Litigation Materials and all copies thereof shall be returned to the Producing Party within five (5) business days of any written notice requesting their return to affix the appropriate designation as requested by the Producing Party and then immediately returned to the Receiving Party, or (ii) the Receiving Party shall affix such designation and so certify to the Producing Party, or (iii) the Receiving Party shall await receipt of replacement Litigation Materials with the appropriate designation affixed and shall thereupon immediately destroy the Litigation Materials originally produced and so certify to the Producing Party. The Receiving Party may challenge the confidential designation of the Litigation Materials using the procedure set forth above in Paragraph 13, but the inadvertent production of the Litigation Materials, or the giving of testimony, claimed to contain Confidential Information shall not constitute a waiver of the confidentiality designation, except as provided in Paragraph 11.

[PROPOSED] PROTECTIVE ORDER AND STIPULATION REGARDING
CONFIDENTIAL AND PRIVILEGED INFORMATION

28777493.15 07056968

26.     This Protective Order shall only govern pre-trial proceedings in this Action.  The parties shall endeavor to agree on procedures to govern Confidential Materials at trial, or present any dispute to the Court for resolution, at a reasonable time prior to trial.

27.     Within sixty (60) days of the conclusion of this Action (*i.e.*, after final judgment is entered and all appeal periods have expired or after the final approval by the Court of a settlement agreement executed by the parties finally disposing of this Action), counsel of record for the parties shall secure the return of all Litigation Materials designated as Confidential Information and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either return them to counsel for the Producing Party or destroy them and certify in writing such destruction, except that counsel may retain their work-product, correspondence among counsel, copies of Court filings and Court and deposition transcripts and exhibits, provided that the Confidential Information contained therein will continue to be treated as subject to this Protective Order.

## INADVERTENT PRODUCTION OF PRIVILEGED
## AND NONDISCOVERABLE DOCUMENTS

28.     If information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery (collectively referred to as "Inadvertently Produced Documents") is inadvertently produced to a party or parties, the parties shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  However, nothing in this Protective Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged documents or attorney work product Litigation Materials of a Producing Party, without being requested by the

13

1 | Producing Party to do so.  Following any determination by the Court or agreement
2 | by the parties that an Inadvertently Produced Document is subject to the attorney-
3 | client privilege, attorney work product or any other legal privilege protecting
4 | information from discovery, then such document and the information contained
5 | therein shall not be used or relied upon for any purpose whatsoever in this
6 | litigation or otherwise.

7 |         29.     Inadvertent production of any document, document categories or
8 | other material or category of materials produced in this Action by any party or non
9 | party that a party or non-party later claims should have been withheld as irrelevant
10 | and not discoverable (collectively referred to as "Nondiscoverable Documents")
11 | will not be deemed an admission by the Producing Party that such documents
12 | should be produced in this Action.  A party or non party may request the return of
13 | any Nondiscoverable Documents by identifying them and stating the basis for
14 | withholding them.  In the event that the Receiving Party does not return the
15 | Nondiscoverable Documents to the Producing Party pursuant to such a request, the
16 | Producing Party shall bear the burden of seeking an order from the Court *pursuant to Local Rule 37*
17 | compelling the return of the Nondiscoverable Documents.

## MISCELLANEOUS PROVISIONS

18 |
19 |         30.     Time periods set forth herein shall be calculated in accordance
20 | with Federal Rule of Civil Procedure 6(a).
21 |         31.     Counsel for the parties in this Action shall take reasonable steps to
22 | assure the security of Confidential Information in accordance with this Protective
23 | Order, and to limit access to Confidential Information to those persons authorized
24 | to have access pursuant to this Protective Order.
25 |         32.     Any party served with a subpoena or other order or lawful
26 | demand compelling the production of Litigation Materials designated as
27 | Confidential Information must immediately give notice of such subpoena or other
28 |

14

order or demand to the original Producing Party, and shall timely object to the
subpoena or other demand, and thereafter, the original Producing Party shall bear
the burden of opposing the production of such documents or other materials
designated as Confidential Information, if the Producing Party deems such
opposition to be appropriate.  The Receiving Party shall reasonably cooperate with
the Producing Party, provided, however, that the Receiving Party may object to
and oppose the legal positions of the Producing Party.

       33.     The Court shall retain jurisdiction to enforce and/or to modify this
Protective Order.

       34.     Nothing in this Protective Order shall prevent any person from
seeking, by written agreement of the parties or Court order, further, greater or
lesser protection with respect to the use of any Confidential Information in
connection with the prosecution or defense of this Action.

       35.     This Protective Order shall continue in force until amended or
superseded by express order of the Court, and shall survive any final judgment or
settlement in this Action.

       IT IS SO ORDERED.

DATED:    6/10/08

~~JUDGE PHILIP S. GUTIERREZ~~

**PAUL L. ABRAMS**

**U.S. MAGISTRATE JUDGE**

[PROPOSED] PROTECTIVE ORDER AND STIPULATION REGARDING
CONFIDENTIAL AND PRIVILEGED INFORMATION

28777493.15 07056968

1   Submitted and Stipulated to by:

2

3                                       MAYER BROWN LLP
                                        STEVEN O. KRAMER
4                                       JOHN NADOLENCO
                                        MELISSA J. PASTRANA
5                                       MACK ANDERSON

6

7                                       By: _Steven Kramer_____
                                            Steven O. Kramer
8                                       Attorneys For Defendants Amgen Inc., Kevin W.
                                        Sharer, Richard D. Nanula, Roger M. Perlmutter,
9                                       and George J. Morrow

10                                      LABATON SUCHAROW LLP
                                        JONATHAN M. PLASSE
11                                      CHRISTOPHER J. MCDONALD
                                        ETHAN D. WOHL
12

13                                      KREINDLER & KREINDLER LLP
                                        GRETCHEN M. NELSON
14

15                                      By:_____
                                            Gretchen M. Nelson
16                                      Attorneys for Lead Plaintiff Connecticut Retirement
                                        Plans and Trust Funds
17

18

19

20

21

22

23

24

25

26

27

28
                                        16
                    [PROPOSED] PROTECTIVE ORDER AND STIPULATION REGARDING
                    CONFIDENTIAL AND PRIVILEGED INFORMATION

28777493.15 07056968

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE AMGEN INC.<br>SECURITIES LITIGATION | Case No. CV 07-2536 PSG (PLAx)<br><br>**CERTIFICATION OF COMPLIANCE**<br>**WITH PROTECTIVE ORDER**<br><br>Honorable Philip S. Gutierrez |

**CERTIFICATION**

I hereby certify that I have read the Stipulation and Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Stipulation and Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Stipulation and Protective Order, and I understand that the Court may impose sanctions on me for any violation of the Stipulation and Protective Order.

I understand that this Certification is strictly confidential, that counsel for each party is maintaining the Certification without giving a copy to counsel for the

1

28777493.15 07056968

1  other parties, and that the parties expressly agreed, and the Court ordered, that

2  except in the event of a violation of this Order, the parties will make no attempt to

3  seek copies of the Certifications or to determine the identities of persons signing

4  them.

5      I further understand that if the Court finds that any disclosure is necessary to

6  investigate a violation of this Order, the disclosure will be limited to outside

7  counsel only and outside counsel shall not disclose any information to their clients

8  that could tend to identify any Certification signatory unless and until there is

9  specific evidence that a particular signatory may have violated the Order, in which

10 case limited disclosure may be made with respect to that signatory.

11

12 Date:_____          _____
                                          (Signature)

13

14                                Name:_____
                                          (Typed or Printed)

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        2

**PROOF OF SERVICE BY MAIL**

1

2        I am employed in Los Angeles County, California.  I am over the age of

3   eighteen years and not a party to the within-entitled action.  My business address is

4   350 South Grand Avenue, 25th Floor, Los Angeles, California  90071-1503.  I am

5   readily familiar with this firm's practice for collection and processing of

6   correspondence for mailing with the United States Postal Service.  On June 5,

7   2008, I placed with this firm at the above address for deposit with the United States

8   Postal Service true and correct copies of the NOTICE OF LODGING OF

9   [PROPOSED] PROTECTIVE ORDER AND STIPULATION REGARDING

10   CONFIDENTIAL AND PRIVILEGED INFORMATION in sealed envelopes,

11   postage fully paid, addressed as set forth below:

12   *Counsel for Plaintiffs*                    *Counsel for Plaintiffs*
     Mark Labaton                             Jonathan M. Plasse
13   Gretchen M. Nelson                       Christopher J. McDonald
     **KREINDLER & KREINDLER LLP**          Ethan D. Wohl
14   707 Wilshire Boulevard, Suite 4100        **LABATON SUCHAROW LLP**
     Los Angeles, CA  90017                   140 Broadway
15                                            New York, NY  10005

16

17        Following ordinary business practices, the envelopes were sealed and placed

18   for collection and mailing on this date, and would, in the ordinary course of

19   business, be deposited with the United States Postal Service on this date.

20        I declare that I am employed in the office of a member of the bar of this

21   court at whose direction the service was made.

22        I declare under penalty of perjury under the laws of the United States of

23   America that the above is true and correct.

24        Executed on June 5, 2008, at Los Angeles, California.

25

26                                                    Holly Wells

27

28

28781458.1