LABATON SUCHAROW LLP
JONATHAN M. PLASSE
*jplasse@labaton.com*
CHRISTOPHER J. McDONALD
*cmcdonald@labaton.com*
ETHAN D. WOHL
*ewohl@labaton.com*
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

(*Additional counsel listed on signature page*)

Attorneys for Lead Plaintiff
CONNECTICUT RETIREMENT PLANS
AND TRUST FUNDS

MAYER BROWN LLP
STEVEN O. KRAMER (SBN 079626)
*skramer@mayerbrown.com*
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
MACK ANDERSON (SBN 229035)
*maanderson@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Defendants
AMGEN INC., KEVIN W. SHARER,
RICHARD D. NANULA, ROGER M.
PERLMUTTER and GEORGE J. MORROW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMGEN INC. SECURITIES LITIGATION | CASE NO. CV 07-2536 PSG (PLAx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   June 16, 2008<br>Time:   2:00 p.m.<br>Place:   Courtroom 790<br><br>Honorable Philip S. Gutierrez<br>United States District Judge |

28780400

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference entered April 10, 2008, Lead Plaintiff Connecticut Retirement Plans and Trust Funds ("Plaintiff" or "Connecticut") and Defendants Amgen Inc. ("Amgen"), Kevin W. Sharer, Richard D. Nanula, Roger M. Perlmutter and George J. Morrow (collectively, "Defendants") submit the following Joint Rule 26(f) Report.

## I.   MEETINGS OF COUNSEL

The parties have met and conferred on several occasions to discuss the matters enumerated in FRCP 26(f) and Local Rule 26-1, as well as other discovery issues.

## II.   INITIAL RULE 26(a) DISCLOSURES

The parties have agreed to exchange FRCP 26(a) initial disclosures on or before June 24, 2008.

## III.   DISCOVERY

### A.   Phasing of Discovery

In the parties' negotiations, Plaintiff's position has been that merits discovery should commence immediately and proceed concurrently with class certification discovery. Defendants' position has been that discovery should be conducted in two phases: (1) initial discovery related to class certification, and (2) if the Court certifies a class, broader discovery on any remaining issues in this litigation. Defendants submit that phased discovery will avoid class wide discovery on claims, or for periods, that are not certified or no longer part of the case. The Court's ruling on class certification will directly affect the scope and burden of any additional discovery. Plaintiff submits that Defendants' approach would significantly delay this litigation, and that there is no precedent for deferral of merits discovery in a securities class action, where class certification is routinely granted in cases against widely-traded companies such as Amgen.

The parties are attempting to work out a compromise that would limit the scope of merits discovery prior to class certification. As part of this compromise, Plaintiff has

agreed that to minimize the burden on Defendants and increase the speed and efficiency of discovery, the initial document discovery conducted prior to class certification should be focused on, but not limited to, the senior Amgen personnel most directly involved in the misconduct alleged in the Consolidated Amended Complaint. Plaintiff is also prepared to forbear from conducting merits depositions until a class is certified.

### B. Disclosure of Confidential Witnesses

The parties disagree as to Plaintiff's obligation to disclose the identities of the confidential witnesses identified in Plaintiff's Consolidated Amended Complaint (the "Confidential Witnesses"). In response to Defendants' inquiries, Plaintiff informed Defendants that it will not voluntarily disclose the identity of four of the five Confidential Witnesses.

#### 1) Plaintiff's Position

After Defendants advised Plaintiff that they intended to seek discovery of the Confidential Witnesses, Plaintiff re-contacted such individuals to inquire whether they opposed disclosure of their identities, and if so, their reasons for opposing disclosure. Four of the five Confidential Witnesses have advised Plaintiff that they have significant concerns about retaliation and/or other injury if their identities are revealed, and Plaintiff so advised Defendants. Plaintiff further advised Defendants that they would not seek to rely on such individuals' testimony at later stages in this litigation.

Witnesses upon which a party will not rely after the pleading stage do not need to be disclosed under FRCP 26(a)(1)(A)(i). In addition, a substantial body of case law supports protecting confidential witness identities upon a showing of reasonable need, and Plaintiff will move the Court for a protective order pursuant to FRCP 26(c) in the event that Defendants make a formal discovery request seeking such individuals' identities.

#### 2) Defendants' Position

Disclosure of Confidential Witnesses is required under FRCP 26(a)(1)(A)(i) and case law. Plaintiff's allegations in its Consolidated Amended Complaint regarding

"Off-Label Marketing" (*e.g.*, paragraphs 81 through 103) were based on the supposed claims of these five confidential witnesses. Plaintiff has informed Defendants that none of the Confidential Witnesses are presently employed by Amgen. (There were six confidential witnesses listed in the complaint; however, Plaintiff has informed Defendants that Confidential Witness No. 6 was in fact No. 5.) The Court's February 1, 2007 ruling that granted in part and denied in part Defendants' Motion to Dismiss relied on these confidential informants, noting that a "strong inference" was derived from the assertions of these informants. Plaintiff cannot rely on these witnesses to survive a motion to dismiss and then state that they will not disclose their identity or rely on them going forward. Accordingly, Defendants anticipate moving the Court for appropriate relief.

## IV. ELECTRONICALLY-STORED INFORMATION

### A. Information Concerning IT Infrastructure and Data Retention

The parties have negotiated and agreed to complete an ESI Questionnaire regarding the parties' respective IT infrastructure and data retention policies and practices. The ESI Questionnaire will be completed by June 24, 2008.

### B. ESI Collection, Searching, and Production

The parties are in the process of negotiating procedures concerning ESI production.

## V. PRESERVATION

The parties are currently discussing their preservation obligations and efforts.

## VI. PRIVILEGE AND PROTECTION OF DISCOVERY MATERIALS

On June 5, 2008, the parties lodged a [Proposed] Protective Order to protect the confidential and proprietary nature of documents and other information produced in this action. The [Proposed] Protective Order is attached hereto as Exhibit A.

The parties contemplate submitting a stipulation preserving attorney work product protection for communications with any testifying experts.

## VII. CHANGES TO DISCOVERY LIMITATIONS

At this time, the parties do not request any changes to the limitations on discovery imposed under the FRCP or the Local Rules. As this case progresses, the parties will discuss appropriate changes.

## VIII. COMPLEX CASES

The parties agree that the Manual for Complex Litigation, Fourth ("MCL") should be consulted for guidance and applied as appropriate on a case-by-case basis.

## IX. MOTION SCHEDULE

### A. Class Certification

Subject to reaching a compromise as set forth in paragraph III A above, the parties agree to the following schedule for the completion of class certification discovery and the briefing of Plaintiff's motion for class certification:

- Conference of Counsel re: Class Certification Issues: December 1, 2008
- Class Certification Discovery Cut-Off Date: December 31, 2008
- Plaintiff's Motion for Class Certification: 45 days after Class Certification Discovery Cut-Off
- Defendants' Opposition to Class Certification: 45 days after Plaintiff's Motion
- Plaintiff's Reply in Support of Class Certification: 30 days after the Opposition[1]

The motion for class certification would then be heard thereafter, at the Court's convenience.

The parties agree that limited additional discovery may be required, with an appropriate adjustment of the briefing schedule, based on matters raised in the parties' briefs.

---

[1] These dates are subject to change depending upon the availability of deponents and documents, and other issues that may affect the completion of class certification discovery.

B. **Motions Concerning Disclosure of Confidential Witnesses**

As discussed above in paragraph III, the parties contemplate motions with respect to disclosure or protection of the Confidential Witnesses.

C. **Summary Judgment and Other Pretrial Motions**

Defendants anticipate that they will file summary judgment motion(s) and/or motion(s) for summary adjudication and/or summary judgment as to particular issues or claims and other pretrial motions, including motions *in limine*.

Subject to the results of discovery, Plaintiff may seek summary judgment as to particular issues or claims and other pretrial motions, including motions *in limine*.

The parties request that the Court set a motion cutoff date, except for motions *in limine*, ninety (90) days before trial.

X. **SETTLEMENT**

The parties have preliminarily discussed settlement and agree that further discussions will not be fruitful at this juncture. At the appropriate time, the parties propose to use Mandatory Settlement Procedure No. 3 (Private Mediation), as provided by Local Rule 16-15.4. The parties are submitting the ADR Pilot Program Questionnaire concurrently herewith.

XI. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

Defendants do not anticipate the addition of parties or the amendment of pleadings. Plaintiff may seek to add parties upon further development of the record, but currently do not anticipate doing so.

XII. **EXPERT WITNESS DISCLOSURES**

The parties propose to defer expert discovery procedures, pending further development of the facts and clarification of disputed issues requiring expert testimony.

XIII. **TRIAL**

Plaintiff has requested a jury trial. Defendants note that the length of any trial will depend upon whether the Court certifies a class and if so, the class period certified and

whether any issues were resolved at the summary judgment stage. At this time, the parties believe that any trial would be, at a minimum, 4 to 5 weeks.

## XIV. OTHER MATTERS

The parties contemplate submitting a stipulation or proposed case management order addressing other procedural matters such as the identity of current parties to this action upon whom service of papers is required.

Dated: June 9, 2008

LABATON SUCHAROW LLP
JONATHAN M. PLASSE
CHRISTOPHER J. McDONALD
ETHAN D. WOHL

— and —

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019
gnelson@kreindler.com

By: /s/ Gretchen M. Nelson
Gretchen M. Nelson

Attorneys for Lead Plaintiff
CONNECTICUT RETIREMENT PLANS
AND TRUST FUNDS

Dated: June 9, 2008

MAYER BROWN LLP
STEVEN O. KRAMER
JOHN NADOLENCO
MACK ANDERSON

By: /s/ Steven O. Kramer
Steven O. Kramer

Attorneys for Defendants
AMGEN INC., KEVIN W. SHARER, RICHARD D. NANULA, ROGER M. PERLMUTTER and GEORGE J. MORROW