MAYER BROWN LLP
STEVEN O. KRAMER (SBN 079626)
skramer@mayerbrown.com
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
MELISSA J. PASTRANA (SBN 254307)
mpastrana@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Defendants
AMGEN INC., KEVIN W. SHARER,
RICHARD D. NANULA, ROGER M.
PERLMUTTER and GEORGE J. MORROW

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE AMGEN INC. SECURITIES LITIGATION | CASE NO. CV 07-2536 PSG (PLAx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[Filed concurrently with Memorandum of Points and Authorities in Opposition to Class Certification; Supporting Declarations of Steven Kramer and Sean E. Harper; Evidentiary Objections and Request to Strike; Declarations of Steven Kramer and Scott Rhode in Support of Evidentiary Objections and Request to Strike]<br><br>DATE:     June 15, 2009<br>TIME:     1:30 p.m.<br>PLACE:    Courtroom 790 – Roybal |

Defendants Amgen Inc. ("Amgen"), Kevin W. Sharer, Richard D. Nanula, Roger M. Perlmutter and George J. Morrow (collectively, "Defendants"), request that the Court take judicial notice of the following documents when ruling on Lead Plaintiff's Motion for Class Certification:

1. The analyst reports attached hereto as Exhibits 1 through 42.[1]

2. The following press releases and news articles:

    (a) Reuters March 19, 2004 press release. (Exhibit 43.)

    (b) Marketletter (The Gale Group) March 29, 2004 press release. (Exhibit 44.)

    (c) Business Week Report May 5, 2004 press release. (Exhibit 45.)

    (d) Amgen January 25, 2007 press release, available at http://www.amgen.com/media/media_pr_detail.jsp?year=2007&releaseID=954402. (Exhibit 46.)

    (e) Associated Press Newswires February 26, 2007 (Exhibit 47.)

    (f) Amgen February 28, 2007 press release, available at http://www.amgen.com/media/media_pr_detail.jsp?year=2007&release ID=968677. (Exhibit 48.)

    (g) Reuters March 1, 2007 press release. (Exhibit 49.)

    (h) Amgen March 9, 2007 press release, available at http://www.amgen.com/media/media_pr_detail.jsp?year=2007&releaseID=972417. (Exhibit 50.)

    (i) Reuters March 9, 2007 press release. (Exhibit 51.)

    (j) *Los Angeles Times* March 10, 2007. (Exhibit 52.)

    (k) Associated Press Newswires March 12, 2007 press release. (Exhibit 53.)

---

[1] For the Court's convenience, Defendants have provided an index of these analyst reports. The index is attached hereto as Exhibit A.

    (l) Dow Jones Newswires May 10, 2007 (3:08PM EST) press release. (Exhibit 54.)

    (m) Reuters May 10, 2007 (3:42 PM EST) press release. (Exhibit 55.)

    (n) Reuters May 11, 2007 press release. (Exhibit 56.)

    (o) Dow Jones Newswires May 11, 2007 press release. (Exhibit 57.)

    (p) *Los Angeles Times* May 11, 2007 article. (Exhibit 58.)

  3. Transcript from April 22, 2004 Amgen earnings call, available from Thompson Reuters, www.streetevents.com. (Exhibit 59.)

  4. Transcript from January 25, 2007 Amgen earnings call, available from Thompson Reuters, www.streetevents.com. (Exhibit 60.)

  5. Excerpts of a power point presentation provided along with the oral presentation during the January 25, 2007 Amgen earnings call. (Exhibit 61.)

  6. Article entitled "Double Blind, Placebo-Controlled, Randomized Phase III Trial of Darbepoetin Alfa in Lung Cancer Patients Receiving Chemotherapy," by Johan Vansteenkiste, *et al*. This article was published in 2002 in Volume 94 Number 16 of the *Journal of the National Cancer Institute* at pages 1211-1220, is available at http://jnci.oxfordjournals.org/cgi/reprint/94/16/1211. (Exhibit 62.)

  7. Article entitled, "Efficacy and safety of darbepoetin alfa in anaemic patients with lymphoproliferative malignancies: a randomized, double-blind, placebo-controlled study," by Michael Hedenus, *et al*. This article was published in 2003 in Volume 122 of the *British Journal of Haematology*, at pages 394-403, is available at http://www3.interscience.wiley.com /cgi-bin/fulltext/118828952/PDFSTART. (Exhibit 63.)

  8. Portions of Amgen's 2006 Form 10-K (filed February 28, 2007). (Exhibit 64.)

  9. Portions of Amgen's 2008 Form 10-K (filed February 27, 2009). (Exhibit 65.)

  10. The following materials of the Food and Drug Administration ("FDA"), available on the FDA website:

    (a) March 9, 2007 news release by the Food and Drug Administration, available at http://www.fda.gov/bbs/topics/NEWS/2007/NEW01582.html. (Exhibit 66.)

1    (b)  FDA-approved package insert for Aranesp®, available at
2    http://www.fda.gov/cder/foi/label/2008/103951s5195PI.pdf. (Exhibit 67.)
3    (c)  FDA-approved package insert for Epogen®, available at
4    http://www.fda.gov/cder/foi/label/2008/103234s5195sPI.pdf. (Exhibit 68.)
5    (d)  FDA approval history for Aranesp®, available at
6    http://www.accessdata.fda.gov/scripts/cder/drugsatfda/index.cfm?fuseaction=Search.Lab
7    el_ApprovalHistory# pphist. (Exhibit 69.)
8    (e)  FDA approval history for Epogen®, available at
9    http://www.accessdata.fda.gov/scripts/cder/drugsatfda/index. cfm?fuseaction
10   =Search.Label_ApprovalHistory#apphist. (Exhibit 70.)
11   (f)  Printout of FDA website titled, "Oncology Tools: A Short Tour,"
12   available at www.fda.gov/cder/cancer/tour.htm. (Exhibit 71.)
13   (g)  FDA report titled "Patient Access to New Therapeutic Treatments for
14   Pediatric Cancer, December 2003 Report to Congress," available at
15   http://www.fda.gov/cder/pediatric/BPCA-ReportDec2003.pdf. (Exhibit 72.)
16   (h)  FDA report titled "Guidance for Industry, IND Exemptions for
17   Studies of Lawfully Marketed Drug or Biologic Products for the Treatment of Cancer,"
18   available at http://www.fda.gov/CBER/gdlns/indcancer.htm. (Exhibit 73.)
19   (i)  Excerpts of the transcript of the meeting held on May 5, 2004 before
20   the Food and Drug Administration Center for Drug Evaluation and Research Oncologic
21   Drugs Advisory Committee, available online at
22   http://www.fda.gov/ohrms/dockets/ac/04/transcripts/4037T2.pdf. (Exhibit 74.)
23   (j)  Excerpts of the transcript of the meeting held on May 10, 2007 before
24   the Food and Drug Administration Center for Drug Evaluation and Research Oncologic
25   Drugs Advisory Committee, available online at
26   http://www.fda.gov/ohrms/dockets/ac/cder07.htm#OncologicDrugs. (Exhibit 75.)
27   11.  Interim analysis of the DAHANCA Study posted on DAHANCA's website
28   on December 1, 2006 (www.dahanca.dk/news). (Exhibit 76.)

 12. The following portions of the Federal Register:

   (a) 69 Federal Register 61, 1658283 (March 30, 2004). (Exhibit 77.)

   (b) 72 Federal Register 63, 15887 (April 3, 2007). (Exhibit 78.)

 13. Amgen's closing stock price for May 9, 2007, available from NYSE TAQ Database, CRSP, Center for Research in Security Prices, Graduate School of Business, The University of Chicago (www.crsp.chicagogsb.edu), Factiva, and Bloomberg. The closing stock price is listed in a chart attached hereto as Exhibit 79.

 14. Amgen's intra-day stock price for May 10, 2007, available from NYSE TAQ Database, CRSP, Center for Research in Security Prices, Graduate School of Business, The University of Chicago (www.crsp.chicagogsb.edu), Factiva, and Bloomberg. The stock prices are listed in a chart attached hereto as Exhibit 79.

 15. The other following publicly available documents:

   (a) June 8, 2007 letter from American Society of Clinical Oncology to Steve E. Phurrough, Director, Centers for Medicare and Medicaid Services, available at http://www.asco.org/ASCO/Legislative+&+Regulatory/Legislative+and+Regulatory+Issues/Cancer+Policy+News/Cancer+Policy+Alerts/June+8:+ASCO+Files+Comments+on+Medicare+Coverage+of+Erythropoiesis+Stimulating+Agents+(ESAs). (Exhibit 80.)

   (b) October 26, 2007 letter from US Oncology Nat'l Policy Board to Hon. Mike Rogers, available online at http://www.legislink.com/site/DocServer/US_Oncology_-_Letter_to_Rep_Rogers_re_FDA_ESA_NCD_Letter.pdf?docID=4943. (Exhibit 81.)

   *   *   *

 Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, in a case alleging securities fraud, a "court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004). Judicial notice of publicly available

information is particularly appropriate on a motion for class certification, because under Rule 23, a plaintiff may not rest on the allegations in its complaint. Rather, a plaintiff must produce "sufficient information" that allows the Court to determine that certification is proper. *Blackie v. Barrack*, 524 F.2d 891, 901, n.17 (9th Cir. 1975). *See also Vasquez-Torres v. McGrath's Publick Fish House, Inc.*, 2007 WL 4812289, *3 (C.D. Cal. 2007) ("[A] plaintiff must offer facts to show that her complaint meets the requirements of Rule 23."). Accordingly, when faced with a motion for certification, a district court is "entitled" to take judicial notice of information relevant to the plaintiff's allegations. *Vasquez-Torres*, 2007 WL 4812289 at *3. For at least these reasons, and as set forth in more detail below, the Court should take judicial notice of each of the Exhibits attached hereto.

## Analyst Reports

Exhibits 1 through 42 are analyst reports about Amgen, its products, and/or its securities. These reports are all publicly available (via subscription and databases in Westlaw and Lexis/Nexis) and, as such, are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The Court may take judicial notice of analyst reports in order to determine what information was available to the market and when. *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (taking judicial notice of analyst reports); *Copper Mountain*, 311 F. Supp. 2d at 864 (same).

Judicial notice is also proper because there is no dispute as to the relevancy or authenticity of these reports. *In re Infonet Services Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115, n.10 (C.D. Cal. 2003) (having relied on certain analyst reports, plaintiffs could not object to defendants' request for judicial notice of similar reports). Here, Plaintiff's proffered expert witness, Scott Hakala, relied on several of these same reports in conducting his "Event Study" in support of his "Declaration of Scott D. Hakala

1 Regarding Market Efficiency."[2]  Thus, the Court can take judicial notice of Exhibits 1–
2 42.

### Press Releases and News Articles

Exhibits 43–57 are various press releases and news articles issued during the proposed class period.  The Court may take judicial notice of these documents.  First, they are all publicly available and, as such, are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).  *See also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial notice of information contained in newspaper article); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004) ("[T]he court may take judicial notice press releases.").  Second, the Court may take "judicial notice that the market was aware of the information contained in news articles." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981, n.18 (9th Cir. 1999).  *See also Copper Mountain*, 311 F. Supp. 2d at 864.  Accordingly, Exhibits 43 through 57 may be properly noticed by this Court.

### Transcripts and Exhibits from Amgen Earnings Calls

Exhibits 58–60 are transcripts and exhibits from Amgen earnings calls that took place on April 22, 2004 and January 25, 2007.  These documents are publicly available and, as such, are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b)(2).  Further, this information was available to the market during the proposed class period and, as such, is a proper subject of judicial notice.  *Copper Mountain*, 311 F. Supp. 2d at 864 (judicially noticing transcript of conference call).  In addition, there is no dispute that earnings call transcripts may be examined by the Court, as Plaintiff has relied on statements from these

---

[2]   Specifically, Hakala reviewed and/or relied on approximately half of the analyst reports, including Exhibits 1, 4, 5, 7-9, 11, 12, 18, 20, 21, 25, 26, 29, 30, and 34-37.

calls in support of its allegations and its motion for class certification.[3] Accordingly, the Court can take judicial notice of Exhibits 58–60.

### Published Articles About Aranesp®

Exhibits 61 and 62 are published articles about Aranesp®. These articles are publicly available (each is posted on the internet), and thus are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Further, the information in these studies was available to the investing public and, as such, is a proper subject of judicial notice. *Copper Mountain*, 311 F. Supp. 2d at 864. The Court should also judicially notice these studies because they are relevant to evaluating the propriety of the date on which Plaintiff seeks to begin its class period. According to Plaintiff, the class period should begin on April 22, 2004, when Defendant Morrow stated (allegedly falsely) that in previous two trials, the results of Aranesp® had been comparable to placebo.[4] Exhibits 61 and 62 are directly relevant to Plaintiff's claim that Morrow's statement was false, and thus to its request that the class period should begin on April 22, 2004. Exhibits 61 and 62 should thus be judicially noticed by the Court.

### Documents filed with the Securities and Exchange Commission

Exhibits 63–64 are portions of Amgen's Forms 10-K for the years 2006 and 2008. The 2006 Form 10-K was filed with the SEC on February 27, 2007, and the 2008 Form 10-K was filed on February 29, 2009. Documents filed with the SEC are proper subjects of judicial notice. *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946, n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice). Exhibits 63–64 should thus be judicially noticed by the Court.

---

[3] *See* Plaintiff's Memorandum in Support of Class Certification at 3-4; Consolidated Amended Complaint at ¶¶ 59, 69, 70, 77, 133, 141, 161. In addition, Plaintiff has attached the transcript of a February 16, 2007 Amgen earnings call to the Declaration of Christopher McDonald filed in Support of its Motion for Class Certification ("McDonald Declaration"), at ¶ 2, Exhibit 5.

[4] *See* Plaintiff's Memo. in Support of Certification at 4; CAC ¶¶ 59, 60, 72, 136.

## FDA Materials

Exhibits 65–74 are FDA reports, records, websites, press releases, approval histories, approved labels, approved package inserts, and transcripts. All of this information is publicly available from the FDA's website, and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Exhibits 65–74 are thus proper subjects for judicial notice. *See Quan v. Gonzales*, 428 F.3d 883, 888, n.5 (9th Cir. 2005) (taking judicial notice of publicly available information on the internet). Moreover, this Court may take judicial notice of agency action and announcements. *Aramark Facility Servs. v. Service Employees Int'l Union*, 530 F.3d 817, 826, n.4 (9th Cir. 2008) (taking judicial notice of agency materials); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (taking judicial notice of FDA-approved labels taken from FDA website); *Constr. Laborers Pension Trust v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, *7 (S.D. Cal. 2008) (taking judicial notice of FDA documents, including FDA "Guidelines for Industry"); *Daghlian v. DeVry Univ., Inc.*, 2007 WL 5625508, *2 n.9 (C.D. Cal. 2007) ("[c]ourts regularly take judicial notice of government agency websites and the information contained on them, treating official policies and records posted on the websites as public records.").

Judicial notice of Exhibits 65–74 is also appropriate because the information contained therein was publicly available during the class period and known to the market. *Copper Mountain*, 311 F. Supp. 2d at 864. Thus, Exhibits 65–74 should be judicially noticed by the Court.

## Interim Analysis from DAHANCA's website

Exhibit 75 is a computer printout of the interim analysis of the Danish Head and Neck Cancer Group ("DAHANCA") study which has been posted on DAHANCA's website since December 1, 2006. The Court may take judicial notice of websites under Federal Rule of Evidence 201(b)(2). *Quan*, 428 F.3d at 888, n.5; *Moore v. Genesco, Inc.*, 2006 WL 2691390, *6 n.2 (N.D. Cal. 2006) (granting judicial notice of a printed website

8
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO CLASS CERTIFICATION
28802245

page advertising check cashing rates and an excerpt from the SBC Yellow Pages under FRE 201(b)). *Cf. Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d at 1023 (taking judicial notice of printout from DAHANCA website). Further, the interim DAHANCA analysis is central to Plaintiff's allegations in this case and the class it seeks to certify. CAC ¶¶ 3, 65. Accordingly, Exhibit 75 may be judicially noticed by the Court.

### Excerpts from the Federal Register

Exhibits 76 and 77 are excerpts from the Federal Register. Contents of the Federal Register are subject to judicial notice. 44 U.S.C. § 1507 ("[t]he contents of the Federal Register shall be judicially noticed. . . ."); *United States v. Woods*, 335 F.3d 993, 1001 (9th Cir. 2003) (finding district court properly took judicial notice of contents of Federal Register). Exhibits 76–77 should thus be judicially noticed by the Court.

### Amgen Stock Prices

Exhibit 78 is a chart showing the closing stock price for Amgen (ticker symbol AMGN) on May 9, 2007, and Amgen's intraday stock prices for May 10, 2007. The information on this chart is publicly available from many sources (Defendants obtained this information from NYSE TAQ Database, CRSP, Center for Research in Security Prices, Graduate School of Business, The University of Chicago (www.crsp.chicagogsb.edu), Factiva, and Bloomberg). Because they are publicly available, historical stock prices are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Moreover, Plaintiff's expert, Scott Hakala, relies on the opening and closing prices of Amgen's stock for May 9 and 10, 2007 and other days as well.[5] The stock prices contained in Exhibit 78 may thus be judicially noticed by the Court. *See In re First Am. Corp. ERISA Litig.*, 2008 WL 5666637, *1 (C.D. Cal. 2008) (taking judicial notice of stock prices during putative class period); *Copper Mountain*, 311 F. Supp. 2d at

---

[5] *See* Hakala Declaration, Ex. C. The Hakala Declaration is Exhibit 7 to the McDonald Decl.

864 ("[i]nformation about the stock price of publicly traded companies [is] the proper subject of judicial notice."); *In re Keithley Instruments, Inc. Secur. Litig.*, 268 F. Supp. 2d 887, 896, n.6 (N.D. Ohio 2002) (judicially noticing intraday stock prices); *Homestore.com*, 347 F. Supp. 2d at 816 (taking judicial notice of stock prices).

### Other Publicly Available Documents

Exhibits 79 and 80 are letters sent to government agencies or legislators, and are publicly available on the internet, making them "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may judicially notice these documents. *See Quan*, 428 F.3d at 888, n.5; *Moore*, 2006 WL 2691390 at *6 n.2; *Duke Energy Trading and Marketing, LLC v. Davis*, 267 F.3d 1042, 1048, n.3 (9th Cir. 2001) (granting judicial notice of letter to a public agency (the California State Board of Control)); *Wood v. State Bar of Cal.*, 2007 WL 3035482, *2, n.7 (N.D. Cal. 2007) (taking judicial notice of letter from California State Bar); *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, *4 (N.D. Cal. 2007) (taking judicial notice of letters to and from public agency).

Dated: April 29, 2009            MAYER BROWN LLP


By: *Steven Kramer*
    Steven O. Kramer

Attorneys for Defendants