LABATON SUCHAROW LLP
JONATHAN M. PLASSE
CHRISTOPHER J. McDONALD
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cmcdonald@labaton.com

(*Additional counsel listed on signature page*)

Attorneys for Lead Plaintiff
CONNECTICUT RETIREMENT PLANS
AND TRUST FUNDS

SHEPPARD, MULLIN, RICHTER
 & HAMPTON LLP
STEVEN O. KRAMER (SBN 079626)
skramer@sheppardmullin.com
JOHN P. STIGI III (SBN 208342)
jstigi@sheppardmullin.com
JASON D. BOSCH (SBN 229040)
jbosch@sheppardmullin.com
JONATHAN D. MOSS (SBN 252376)
jmoss@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendants
AMGEN INC., KEVIN W. SHARER,
RICHARD D. NANULA, ROGER M.
PERLMUTTER and GEORGE J. MORROW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| IN RE AMGEN INC. SECURITIES LITIGATION | CASE NO. CV 07-2536 PSG (PLAx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br><br>Date: November 16, 2009<br>Time: 3:30 p.m.<br>Place: Courtroom 790<br><br>Honorable Philip S. Gutierrez<br>United States District Judge |
|---|---|

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference entered September 10, 2009, Lead Plaintiff Connecticut Retirement Plans and Trust Funds ("Plaintiff" or "Connecticut") and Defendants Amgen Inc. ("Amgen"), Kevin W. Sharer, Richard D. Nanula, Roger M. Perlmutter and George J. Morrow (the "Individual Defendants" and collectively with Amgen, "Defendants") submit the following Joint Rule 26(f) Report.

## I. MEETINGS OF COUNSEL

The parties met and conferred by telephone on October 16, 28 and 29, 2009 to discuss the matters enumerated in FRCP 26(f) and Local Rule 26-1, as well as other discovery and case management issues.

## II. MANUAL FOR COMPLEX LITIGATION

The parties agree that the Manual for Complex Litigation, Fourth should be consulted for guidance and applied as appropriate on a case-by-case basis.

## III. CASE STATUS

### A. Relevant Motion Practice To Date

On February 1, 2008, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the Consolidated Amended Complaint [Dkt. # 137]. On August 12, 2009, the Court issued an order granting Plaintiff's motion for class certification [Dkt. # 246].

### B. Defendants' Rule 23(f) Petition to the Ninth Circuit

On August 28, 2009, Defendants filed with the Court of Appeals for the Ninth Circuit a petition pursuant to Fed. R. Civ. P. 23(f) requesting permission to appeal this Court's order granting class certification. Defendants note that their petition presents two questions to the Court of Appeals: (1) In deciding whether a plaintiff has successfully invoked the fraud-on-the-market presumption at the class certification stage, is Fed. R. Civ. P. 23(b)(3)'s predominance requirement met when the only element examined is whether the stock traded in an efficient market; and (2) Once a plaintiff invokes the

fraud-on-the-market presumption for the purpose of satisfying Fed. R. Civ. P. 23(b)(3)'s predominance requirement, must the defendant be permitted the opportunity to rebut the presumption before a class is certified?

The petition is attached hereto as Exhibit A. After requesting and receiving an extension from the Court of Appeals, on September 25, 2009, Plaintiff filed an answer opposing Defendants' petition. Plaintiff's answer is attached hereto as Exhibit B. On September 30, 2009, Defendants filed a motion for leave to file a reply and a reply brief in further support of their petition. Defendants' reply brief is attached hereto as Exhibit C.

The Court of Appeals has not yet ruled on Defendants' petition or Defendants' motion for leave to file a reply. Defendants may, pending the Court of Appeals' decision on their petition or in the event the Court of Appeals grants Defendants' petition, pursue a stay of the district court proceedings under Rule 23(f). Plaintiff will respond to any such request in due course.

### C. **Discovery To Date**

Following the June 16, 2008 Rule 26(f) conference, the Court entered an order on June 26, 2008 whereby the parties agreed to limit merits discovery by Plaintiff prior to the Court's ruling on class certification as follows: (i) written "scoping" interrogatories; (ii) one Rule 30(b)(6) deposition (if necessary); (iii) initial merit document discovery focused on the senior Amgen personnel most directly involved in the alleged fraud; and (iv) no merits depositions prior to the Court's ruling on class certification [Dkt. No. 172].

On June 30, 2008, Plaintiff served its First Set of Interrogatories on Amgen. On August 13, 2008, Amgen served written responses. On July 17, 2008, Plaintiff served its First Set of Document Requests on Amgen. On August 21, 2008, Amgen served written responses. In a rolling production beginning on November 5, 2008 and ending on May 4, 2009, Amgen calculates that it has produced approximately 65,000 documents (estimated at 835,000 pages) in response to Plaintiff's First Set of Document Requests, including

1  documents from the 4 named Individual Defendants, plus documents from 5 additional
2  custodians. Pursuant to the parties' agreement, on May 27, 2009, Plaintiff requested
3  documents pursuant to its First Set of Document Requests from an additional 6
4  custodians (for a total of 15 custodians). In a rolling production beginning on August 17,
5  2009, Amgen calculates that it has produced approximately 23,000 documents (estimated
6  at 234,000 pages) from 4 of the 6 additional custodians. Thus, to date, Defendants have
7  produced some 88,000 documents, consisting of an estimated one million pages. The
8  production is ongoing, and Amgen anticipates completing the production for the
9  remaining 2 custodians on or before December 15, 2009.
10  On June 19, 2008, Amgen served its First Set of Special Interrogatories and First
11  set of Requests for Production of Documents on Plaintiff. On July 23, 2008, Plaintiff
12  served its written response to both discovery requests. On August 1, 2008, Plaintiff
13  served Amended Answers and Objections to Amgen's First Set of Special Interrogatories.
14  Between September 11, 2008 and March 27, 2009, Plaintiff produced approximately
15  3,400 documents.
16  Beginning on September 4, 2008, Defendants served subpoenas *duces tecum* on 15
17  of Connecticut's external investment managers. Defendants have taken three depositions
18  to date: Catherine LaMarr, General Counsel to the Connecticut State Treasurer, testified
19  on behalf of Plaintiff on December 4-5, 2008; Diego Naranjo, a former Amgen District
20  Sales Manager, testified on January 16, 2009; and Susan Sweeney, former Chief
21  Investment Officer to the Connecticut State Treasurer, testified on February 24, 2009.

22  **IV.   DISCOVERY PLAN**
23        A.   **Depositions**
24             1)   **Plaintiff's Position**
25  Now that the Court has granted Plaintiff's motion for class certification, the merits
26  discovery limitations to which Plaintiff agreed (*see* Section III.C., above; Order and
27  Stipulation re Discovery and Motion Schedule dated June 26, 2008 [Dkt. # 172] at 3) are
28

no longer in effect.  Accordingly, Plaintiff will be noticing merits depositions by oral examination pursuant to FRCP 30.  The number of depositions Plaintiff will need depends in large part on Defendants' responses to document requests Plaintiff has served and will be serving (*see* Section IV.C. below).  Accordingly, Plaintiff is not yet in a position to identify the all the depositions it intends to take.  Plaintiff respectfully suggests that the parties should meet and confer during the discovery period in an effort to proceed by stipulation, and seek guidance from the Court in the event they cannot agree on how to proceed.  More specifically, Plaintiff respectfully suggests that the parties meet and confer with respect to depositions within 30 days after Defendants represent to Plaintiff that they have substantially completed their production of documents in response to Plaintiff's written requests for production of documents (*see* Section IV.C.1, below).

### 2) Defendants' Position

Defendants estimate taking one to three depositions of Plaintiff, taking three to six depositions of third-parties and also taking expert depositions.  This estimate may change after Plaintiff discloses the witnesses supporting its claims (see "Interrogatories" below).  Defendants are prepared to meet and confer with Plaintiff regarding the setting and taking of depositions.

### B.  Interrogatories and Other Written Discovery

### 1) Plaintiff's Position

Based on Amgen's first General Objection to Plaintiff's First Set of Interrogatories, Plaintiff understands Amgen's position to be that Plaintiff has already "exceed[ed] the numerical limit (25 interrogatories) provided in Rule 33(a)(1)."  However, (i) Plaintiff's First Set of Interrogatories were "scoping" interrogatories (focused on Amgen's organizational and operational structure) served in connection with merits discovery limitations that are no longer in effect (*see* Section III.C., above; Order and Stipulation re Discovery and Motion Schedule dated June 26, 2008 [Dkt. # 172] at 3),

(ii) Plaintiff disputes Amgen's contention that the limit in Rule 33(a)(l) has been exceeded, and (iii) given the complexities of this securities fraud litigation, the limitation in Rule 33(a)(1) should in any event be modified as necessary.

Plaintiff will likely serve merits-related interrogatories during the discovery period. Plaintiff respectfully suggests that the parties should meet and confer during the discovery period in an effort to proceed by stipulation, and seek guidance from the Court in the event they cannot agree on how to proceed.

### 2) Defendants' Position

Defendants anticipate seeking supplemental responses to their contention interrogatories seeking the facts, witnesses and documents supporting Plaintiff's claims. Defendants may also serve other written discovery requests.

### C. Documents

#### 1) Plaintiff's Position

Now that the Court has granted Plaintiff's motion for class certification, the merits discovery limitations to which Plaintiff agreed (see Section III.C., above; Order and Stipulation re Discovery and Motion Schedule dated June 26, 2008 [Dkt. # 172] at 3) are no longer in effect. Accordingly, on October 16, 2009, Plaintiff served its Second Set of Document Requests on Amgen, consisting of a single request seeking documents responsive to Lead Plaintiff's First Set of Document Requests to Amgen, but without giving effect to the "Scope of Search" custodian-based limitation included in the First Set of Document Requests to Amgen. Amgen's time to serve a written response and produce documents has not yet expired. Plaintiff intends to serve at least one additional set of document requests on Amgen, focused primarily on the marketing-related allegations in the Complaint, as well as at least one set of document requests on the Individual Defendants.

### 2) Defendants' Position

Defendants have produced over one million pages of documents covering the time period from October 2003 through June 2007. Defendants submit that additional document requests that fail to limit the number of custodian files to be searched or the scope of any future searches violate the parties' agreement regarding document production. Such requests are also unnecessary, burdensome and oppressive. Defendants stand ready, however, to meet and confer regarding producing additional documents in response to focused requests from Plaintiff that are streamlined in time and scope.

## V. MOTIONS

### A. Plaintiff's Motions

At this time Plaintiff does not anticipate filing dispositive motions. Should Plaintiff's position change, Plaintiff will file its motion(s) in accordance with whatever schedule is ordered by the court. With respect to the anticipated motions Defendants intend to file "early-on to streamline the case and eliminate issues" (*see* Section V.B., below) Plaintiff respectfully suggests that if the Court permits the filing of such motions prior to the close of fact discovery, the schedule adopted by the Court should include a single due date on which all such motions should be filed.

### B. Defendants' Motions

Defendants anticipate filing summary judgment motion(s) and/or motion(s) for summary adjudication and/or summary judgment as to particular issues or claims, including: (i) motion(s) for summary adjudication and/or summary judgment on behalf of Amgen; (ii) motion(s) for summary adjudication and/or summary judgment on behalf of the Individual Defendants; (iii) motion(s) for summary adjudication and/or summary judgment pertaining to the Pre and Post-DAHANCA time periods; and (iv) motion(s) for summary adjudication and/or summary judgment pertaining to the DAHANCA period (December 1, 2006 to February 16, 2007). Some of these motions will be filed early-on to streamline the case and eliminate issues based on public disclosure documents such as

analyst reports. Defendants submit that they have the right to file early summary judgment motions and/or motions for summary adjudication on any issue. It is not Defendants' intent to burden the Court with unnecessary motion practice or hearing dates. Rather, it is Defendants' intent to file focused motions to raise legal issues and eliminate Plaintiff's claims as they become ripe for determination. Defendants will meet and confer with Plaintiff regarding any motions filed.

Defendants anticipate that they may file other pretrial motions, including a motion to decertify the Plaintiff class. In addition, Defendants may file a motion to stay the case pursuant to Rule 23(f) pending the Court of Appeals' decision on Defendants' petition for permission to appeal or in the event the Court of Appeals grants Defendants' petition for appeal.

## VI. SCHEDULING

### A. Plaintiff's Position

Subject to the caveat below, Plaintiff proposes the following schedule through the summary judgment stage:

| Event | Date |
|---|---|
| Disclosure of experts: | March 30, 2010 |
| Fact discovery ends: | April 5, 2010 |
| Exchange of initial expert reports: | May 15, 2010 |
| Disclosure of rebuttal experts (if any): | June 1, 2010 |
| Exchange of rebuttal expert reports: | June 15, 2010 |
| Exchange of initial experts' reply expert reports (limited to issues raised solely by experts submitting rebuttal expert reports only): | July 9, 2010 |
| Deadline for deposition(s) regarding | August 30, 2010 |

| | |
|---|---|
| expert(s)/Expert discovery ends: | |
| Last Day to file summary judgment/summary adjudication motions: | October 15, 2010 |

Plaintiff respectfully suggests that multiple rounds of expert depositions, as contemplated by Defendants' proposed schedule (*see* Section VI.B., below), are unnecessary and inefficient, particularly in light of FRCP 26(a)(2)(B)(i)'s requirement that written reports by experts "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." The caveat involves the timing of Defendants' production of documents in response to Plaintiff's requests. Amgen's response to Plaintiff's First Set of Document Requests (three-and-a-half months to begin producing the first wave of documents, which took six months to complete; two-and-a-half months to begin producing the second wave of documents, which Amgen estimates will take four months to complete) did not prejudice Plaintiff's ability to successfully move for class certification. However, should Defendants continue to produce documents at a comparable pace, Plaintiff's proposed fact discovery cut-off date of April 5, 2009 will prove unworkable, and all proposed dates would need to be adjusted accordingly.

B. **Defendants' Position**

Defendants propose the following schedule through the summary judgment stage:

| **Event** | **Date** |
|---|---|
| Disclosure of experts: | March 30, 2010 |
| Fact discovery ends: | April 5, 2010 |
| Exchange of initial expert reports: | May 15, 2010 |
| Deadline for deposition(s) regarding initial expert(s): | June 30, 2010 |
| Exchange of rebuttal expert reports: | August 6, 2010 |

| Deadline for deposition(s) regarding rebuttal expert(s)/Expert discovery ends: | August 30, 2010 |
|---|---|
| Last Day to file summary judgment/summary adjudication motions: | October 15, 2010 |

Plaintiff and Defendants agree on most discovery cut-off dates. However, the parties disagree on how expert discovery should proceed.

Defendants have a right to depose Plaintiff's experts regarding their opinions to be presented in Plaintiff's case-in-chief before preparing and presenting any expert rebuttal reports. Accordingly, Defendants' proposed schedule recognizes that the depositions of experts need to be completed before any rebuttal expert reports are exchanged. If rebuttal experts on issues such as damages are needed, the parties require about 30 days between the completion of expert depositions related to initial expert reports and the preparation of rebuttal expert reports, followed by time for taking and completing rebuttal expert depositions.

With regard to summary judgment motion(s) and/or motion(s) for summary adjudication and/or summary judgment as to particular issues or claims, Defendants anticipate filing early motions on a number of issues, such as allegations regarding the "Pre and Post-DAHANCA periods" (prior to December 1, 2006 and after February 16, 2007) and motion(s) on behalf of some Individual Defendants such as George Morrow, followed by motion(s) on behalf of other Individual Defendants. These motion(s) for summary adjudication and/or summary judgment will likely be followed by motion(s) on the remaining issues such as DAHANCA.

## VII. AMENDMENT OF PLEADINGS AND ADDITIONAL PARTIES

### A. Plaintiff's Position

Plaintiff may seek to add parties or amend the pleadings upon further development of the record but, subject to the caveat below, Plaintiff currently does not anticipate doing

so. Plaintiff suggests that, subject to the adoption of Plaintiff's proposed schedule, the deadline for filing motions to amend the pleadings and/or to add additional parties should be February 1, 2010.

The caveat involves Plaintiff's response to Interrogatory No. 20 of Amgen's First Set of Special Interrogatories to Plaintiff, which requests Plaintiff to identify each alleged material misrepresentations or omissions made by the Defendants. Subject to and without waiving numerous objections, Plaintiff identified alleged false and misleading statements, including several statements substantially similar to those in the Complaint, but which were not identified in the Complaint. Plaintiff anticipates that, in working with its consulting and/or testifying experts in the coming months, Plaintiff may identify additional false and misleading statements that are substantially similar to those in the Complaint, but which are not identified in the Complaint. Subject to the adoption of Plaintiff's proposed schedule and the timeliness of Defendants' responses to discovery requests, Plaintiff proposes to serve any further amended response to Interrogatory No. 20 on or before February 1, 2010. Plaintiff further proposes to submit to the court at that time a motion for leave to amend and proposed second amended complaint that incorporates all such additional false and misleading statements not identified in the Complaint, unless the Court, in the interest of judicial efficiency, deems it appropriate to construe Plaintiff's amended response as a motion for leave to amend.

### B.  Defendants' Position

Plaintiff should have finished amending its pleadings and adding additional parties already. If Plaintiff wants to make any further changes, it should do so by December 31, 2009. Defendants reserve the right to oppose any motion for leave to amend and to challenge any second amended complaint.

## VIII. SETTLEMENT

The parties have preliminarily discussed settlement and agree that, particularly in light of the Rule 23(f) petition pending in the Court of Appeals, further discussions would

not be fruitful at this juncture. At the appropriate time, the parties propose to use Mandatory Settlement Procedure No. 3 (Private Mediation), as provided by Local Rule 16-15.4.

## IX. TRIAL

Plaintiff has requested a jury trial. At this time, the parties believe that any trial would be, at a minimum, 4 to 6 weeks.

Dated: October 30, 2009

LABATON SUCHAROW LLP
JONATHAN M. PLASSE
CHRISTOPHER J. McDONALD

— and —

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019
gnelson@kreindler.com

By: /s/ Gretchen M. Nelson
Gretchen M. Nelson

Attorneys for Lead Plaintiff
CONNECTICUT RETIREMENT PLANS
AND TRUST FUNDS

Dated: October 30, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
STEVEN O. KRAMER
JOHN P. STIGI III
JASON D. BOSCH
JONATHAN D. MOSS

By: /s/ Steven O. Kramer
Steven O. Kramer

Attorneys for Defendants
AMGEN INC., KEVIN W. SHARER, RICHARD D. NANULA, ROGER M. PERLMUTTER and GEORGE J. MORROW