O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Defendants' Motion to Stay

Pending before the Court is Defendants' Motion to Stay Further Proceedings in this Court Pending Rule 23(f) Appeal. A hearing on the motion was held on January 25, 2010, and the parties filed a supplemental Joint Statement. After considering the moving and opposing papers, the arguments presented at the hearing, and the Joint Statement, the Court GRANTS Defendants' motion to stay.

I.   Background

From 2004 to 2007, Defendant Amgen, Inc. ("Amgen") and certain Amgen directors and officers (collectively, "Defendants") allegedly made false and misleading statements concerning the safety of two Amgen drugs, Epogen and Aranesp, which artificially inflated the value of Amgen stock. When Defendants made corrective disclosures in 2007, the price of Amgen stock fell. Plaintiff Connecticut Retirement Plans and Trust Funds ("Plaintiff") filed a class action against Defendants under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

At the onset of discovery, the parties negotiated for a limitation on merits discovery. On June 13, 2008, Defendants' counsel, Steve Kramer ("Kramer"), sent an e-mail to Plaintiff's counsel, Chris McDonald ("McDonald"), outlining their proposed discovery compromise. *See Kramer Decl.* ¶ 4, Ex. A. The e-mail purported to limit document requests to a total of 20 Amgen custodians and did not confine this limitation to the pre-certification discovery period. *See id.* at 8. McDonald confirmed that his client accepted the terms of the proposed compromise the following day. *See id.* at 6-7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

On June 16, 2008, three days after the initial e-mail, the parties filed a joint Rule 26(f) report, which stated that the "parties are attempting to work out a compromise that would limit the scope of merits discovery *prior to class certification*." *See* Dkt. 160, at 1-2 (emphasis added). The report continues, "Plaintiff has agreed that . . . the initial document discovery *conducted prior to class certification* should be focused on, but not limited to, senior Amgen personnel." *Id.* (emphasis added). Ultimately, on July 26, 2008, the Court signed a Stipulation to limit initial merits discovery to "senior Amgen personnel most directly involved in the alleged misconduct" and to prohibit pre-certification merits discovery depositions. *See* Dkt. #172, at 3. The Stipulation also noted that the compromise set forth in the Stipulation was "reflected in conferences and *e-mail correspondence* between the parties." *See id.*, at 4 (emphasis added). Following the Stipulation, the parties conducted limited merits discovery pursuant to the compromise, with Defendants producing nearly 1,543,000 pages at an expense of over $ 1 million. *See Kramer Decl.* ¶ 6-8.

On August 12, 2009, the Court granted Plaintiff's motion for class certification, after which Plaintiff propounded a document request "without giving effect to the limitation set forth [in the Stipulation]." *Id.*, ¶ 11, Ex. D, at 2. At the same time that Plaintiff expanded the scope of discovery, Defendants sought to overturn the Court's grant of certification on appeal to the Ninth Circuit. On December 11, 2009, the Ninth Circuit granted Defendants' petition to appeal the grant of certification. The appeal is currently pending before the Ninth Circuit; a briefing schedule has been set, and briefing should be complete by May 2010. *See Mot.* 8:13-15. On December 30, 2009, Defendants filed a Motion to Stay Further Proceedings in this Court Pending Rule 23(f) Appeal.

II.     Legal Standard

Under Federal Rule of Civil Procedure 23(f), a party may petition the court of appeals to appeal a grant or denial of class certification. If the petition is granted, the interlocutory appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f); *see also White v. Donley*, No. 05-0728, 2008 WL 4184651, at *2 (C.D. Cal. Sept. 4, 2008). As a general matter, a party seeking a stay must show either (1) a strong likelihood of success on the merits and a likelihood of irreparable injury, or (2) serious legal questions and the balance of the equities sharply favoring the moving party. *See Golden*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

*Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).[1] Furthermore, a district court has the inherent power to stay its proceedings. This power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936); *see also Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). A stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

III.  Discussion

Defendants seek a stay pending their Rule 23(f) appeal on the grounds that Plaintiff's discovery requests are overly burdensome and may prove unnecessary if the Ninth Circuit reverses this Court's August 12, 2009 grant of certification. In the Motion, Defendants appeal to the Court's inherent authority to manage its docket. *See Mot.* 6-7; *see Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). However, "[t]he fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion.'" *Niken*, 129 S. Ct. at 1760 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 163 L. Ed.

---

[1] At the hearing, the Court questioned whether a different standard should apply. The U.S. Supreme Court recently rejected the Ninth Circuit's "sliding scale" analysis in the context of preliminary injunctions, *see Winter*, 129 S. Ct. at 374, which is similar to the *Golden Gate* test for stays. Indeed, the Court presented some authority suggesting that the sliding scale test no longer applies in the context of stays. *See Water Wheel Camp Recreational Area, Inc. v. LaRance*, No. 08-0474, 2009 WL 5175191, at *1 (D. Ariz. Dec. 18, 2009) ("[The plaintiff] argues that the Court should apply the sliding scale analysis previously used by the Ninth Circuit for injunctive relief and stays pending appeal. That standard, however, has been rejected by the Supreme Court." (internal citation omitted) (citing *Winter*, 129 S. Ct. at 374)); *see also Niken v. Holder*, —U.S.—, 129 S. Ct. 1749, 1760, 173 L. Ed. 2d 550 (2009); *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) ("A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip [sic] in his favor, and that a stay is in the public interest." (citing *Winter*, 129 S. Ct. at 374)). Nevertheless, the Court will apply the sliding scale test because *Golden Gate* has yet to be expressly overruled and the parties both apply the sliding scale test in the papers. *See also Mot.* 7:15-16 (citing *Golden Gate*, 512 F.3d at 1115-16); *Opp.* 7:26-8:15 (citing *Golden Gate*, 512 F.3d at 1115).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

2d 547 (2005)). Accordingly, Defendants also argue that a stay is warranted because (1) the balance of the hardships favors a stay, (2) the Rule 23(f) appeal raises serious questions, and (3) a stay will further the public interest. Applying the *Golden Gate* sliding scale standard, Defendants have established that the balance of the hardships favor a stay and that the Rule 23(f) appeal raises serious questions warranting a stay in this case.

  A. <u>The Balance of the Hardships Favors a Stay</u>

  In the Motion, Defendants suggest that the Ninth Circuit may overturn this Court's grant of class certification. *See Mot.* 1:6 (noting that the "pending appeal may result in, among other things, a reversal" of this Court's class certification order); *id.* at 6:16-17 ("[T]he Ninth Circuit may reverse entirely this court's class certification order. That ruling (and any further remanded class certification proceedings before this Court) may, as a practical matter, end this litigation."). While every Rule 23(f) appeal raises the prospect of reversal, *see Opp.* 7:14-16, Defendants have presented sufficient evidence that the balance of the hardships favors a stay in this case.

  Defendants argue that the balance of the equities favors a stay due to the sheer size of Plaintiff's discovery request, the unusual length of the class period, and Plaintiff's alleged breach of an agreement to limit merits discovery post-certification. In the Motion, Defendants characterize an e-mail chain between the parties as a separate binding agreement in addition to the Stipulation. *See Kramer Decl.* ¶ 4, Ex. A (containing e-mails that purport to limit discovery requests to 20 Amgen custodians with no indication that the limitation would expire upon class certification); *Mot.* 3:16-18 ("Pursuant to stipulation, the parties *also* limited the extent and timing of Plaintiff's merit discovery relative to this Court ultimately ruling on a class certification motion." (emphasis added)). The Court finds that the e-mails exchanged on June 13 and 14 did not constitute a separate agreement. The joint Rule 26(f) report, filed days after the e-mail exchange, discussed how the parties were working out a compromise to govern pre-certification discovery. *See* Dkt. #160, at 1-2. Furthermore, the terms of the July 26, 2008 Stipulation were apparently "reflected in conferences and *e-mail correspondence* between the parties." Dkt. #172, at 3 (emphasis added). Thus, the Stipulation was the only agreement limiting merits discovery in this case, and its limitations were confined to the pre-certification discovery period.

  Although the Court does not conclude that Plaintiff has breached an agreement between the parties, Defendants have provided other evidence that the balance of the equities favors a stay. *See Mot.* 7:21-8:15. The pending document request is for a substantial class period and has a broad scope. *See Kramer Decl.*, ¶¶ 11-12, Ex. D. Though the Court finds insufficient

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

evidence that Plaintiff breached an agreement limiting discovery, the broad scope of Plaintiff's document request magnifies the potential prejudice to Defendants. Furthermore, Plaintiff will not be prejudiced by a stay because Defendants have implemented measures to preserve responsive documents in the event that the class certification is affirmed. *See id.* ¶ 9 ("Amgen has document hold orders in place designed to preserve documents relevant to this class action.").

In the Opposition, Plaintiff suggests that the balance of the equities does not favor Defendants because they have allegedly withheld responsive documents during discovery. *See Opp.* 7:4-8 (noting that Defendants' alleged incomplete production "is disturbing news that at the very least calls the completeness of Amgen's production into question [and] suggests that the Court should impress upon Defendants that more rigorous, robust and timely discovery is warranted, not that the proceedings should be put on a shelf while the Ninth Circuit considers Defendants' appeal"). In the Reply, Defendants defend their production. *See Reply* 5-7. However, the Court will not decide whether Defendants' *past* productions have been adequate because Defendants have presented sufficient evidence that further discovery during the Rule 23(f) appeal may cause substantial prejudice to Defendants and that a stay will not cause significant prejudice to Plaintiff. Therefore, the Court finds that the balance of the equities favors a stay.

    B.    <u>Defendants' Rule 23(f) Appeal Raises Serious Questions</u>

In conjunction with the balance of the equities favoring a stay, Defendants argue that their Rule 23(f) appeal raises serious questions warranting a stay in this case. *See Mot.* 9:1 (noting that their "Rule 23(f) appeal raises more than a 'serious question.'"). The Ninth Circuit rarely permits Rule 23(f) appeals to proceed, *see Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005), and it appears that the Ninth Circuit granted Defendants' petition to appeal on the basis of the question presented.

The grant of Defendants' petition cited *Chamberlan*, *see* Dkt. #246, and that case outlined the standard governing Rule 23(f) petitions. According to *Chamberlan*, Rule 23(f) petitions should be granted when one of the following conditions is present in a class certification decision:

    (1)    [T]here is a death-knell situation for either the plaintiff or defendant . . . coupled with a class certification decision by the district court that is questionable;

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#264

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

(2) the certification decision presents an unsettled and fundamental issue of law relating to class actions . . . ; or

(3) the district court's class certification decision is manifestly erroneous.

*Chamberlan*, 402 F.3d at 959. Defendants argue that the Ninth Circuit granted the Rule 23(f) petition on the grounds that the Court's grant of class certification presented an "unsettled and fundamental issue of law relating to class actions."

In the Motion, Defendants challenge the Court's decision to exclude evidence rebutting the "fraud on the market" presumption.[2] *See Mot.* 10:2-9. Defendants claim that the Ninth Circuit's upcoming decision on the appeal will resolve the issue of whether courts can allow defendants to rebut a fraud on the market presumption at the class certification stage. *See id.* 9:16-10:9; *id.* 10 n.9 (providing district court cases that permitted rebuttal evidence at the class certification stage). In resolving the appeal, the Ninth Circuit may decide to follow the "recent trend among other circuit courts" to allow rebuttal evidence, *see id.* at 9:25 (citing *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 485 (2d Cir. 2008), or it may decide (as this Court concluded) that allowing rebuttal evidence at the class certification stage constitutes an improper inquiry into the merits of the class claims, *see* Order Granting Plaintiff's Motion for Class Certification (Dkt. #246), at 19 ("Defendants have failed to point this Court to one Ninth Circuit decision wherein the Ninth Circuit approved of a lower court's decision to analyze the evidence proffered by a defendant to rebut the presumption."). Either way, Defendants' Rule 23(f) appeal raises serious questions to be resolved by the Ninth Circuit.

C. Conclusion

Defendants have presented sufficient evidence that (1) the balance of the equities favors a stay and (2) the Rule 23(f) appeal raises serious questions. Therefore, the Court concludes that a stay is warranted pending the resolution of the interlocutory appeal in light of practical realities concerning this case. In order to mitigate any unnecessary delay in this case, Defendants have

---

[2] At the hearing, Defendants also challenged the Court's positions on materiality and loss causation. *See* Order Granting Plaintiff's Motion for Class Certification (Dkt. #246), at 15 (requiring only a showing of market efficiency to trigger the presumption of reliance); *id.* at 17 (determining that proof of loss causation is not required to trigger the presumption of reliance). Apparently, these issues may also be examined in Defendants' Rule 23(f) appeal.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#264**

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2536 PSG (PLAx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | In re Amgen Inc. Securities Litigation | | |

indicated that they will request an expedited oral argument before the Ninth Circuit.

IV.  Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to stay.

**IT IS SO ORDERED.**