UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNECTICUT RETIREMENT PLANS AND TRUST FUNDS, | No. 09-56965 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-02536-PSG |
| v. | U.S. District Court for Central California, Los Angeles |
| AMGEN INC.; et al., | **MANDATE** |
| Defendants - Appellants. | |



**RECEIVED**
CLERK, U.S. DISTRICT COURT

4/3/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

The judgment of this Court, entered November 08, 2011, takes effect this

date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONNECTICUT RETIREMENT
PLANS AND TRUST FUNDS,
                         *Plaintiff-Appellee,*

                         v.

AMGEN INC.; KEVIN W. SHARER;
RICHARD D. NANULA; ROGER M.
PERLMUTTER; GEORGE W. MORROW,
                         *Defendants-Appellants.*

No. 09-56965

D.C. No.
2:07-cv-02536-PSG

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
October 14, 2011—Pasadena, California

Filed November 8, 2011

Before: Barry G. Silverman and Kim McLane Wardlaw,
Circuit Judges, and William K. Sessions III,*
District Judge.

Opinion by Judge Silverman

_____

*The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

20101

## COUNSEL

Steven O. Kramer (argued), John P. Stigi III, John M. Landry, and Jonathan D. Moss, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California, for the defendants-appellants.

J. Michael Hennigan (argued), McKool Smith Hennigan (Los Angeles, California) and Jonathan M. Plasse, Christopher J. McDonald, and Richard T. Joffe of Labaton Sucharow LLP, New York, New York, for the plaintiff-appellee.

James J. Sabella and James R. Banko, Grant & Eisenhofer P.A., New York, New York, for amici curiae California Public Employees' Retirement System and California State Teacher's Retirement System.

Ira D. Hammerman and Kevin M. Carroll of Securities Industry and Financial Markets Association, Washington, DC, Andrew N. Vollmer and Judith E. Coleman, Wilmer Cutler Pickering Hale & Dorr LLP, Washington, DC, Robin S. Conrad and Amar D. Sarwal, National Chamber Litigation Center, Inc., Washington, DC, and Melissa B. Kimmel, Pharmaceutical Research and Manufacturers of America, Washington, DC, for amici curiae Securities Industry and Financial Markets Association, Chamber of Commerce of the United States of America, and Pharmaceutical Research and Manufacturers of America.

Daniel J. Popeo and Richard A. Samp, Washington Legal Foundation, Washington, DC, for amicus curiae Washington Legal Foundation.

---

# OPINION

SILVERMAN, Circuit Judge:

To obtain class certification in a 10b-5 securities fraud case, the plaintiff, as required by Federal Rule of Civil Procedure 23(b)(3), must convince the district court that the element of reliance is common to the class. The Supreme Court has held that this can be done in an appropriate case by invoking the "fraud-on-the-market" presumption — the principle that the market price of a security traded in an efficient market reflects all public information and therefore that a buyer of the security is presumed to have relied on the truthfulness of that information in purchasing the security. Were it not for the fraud-on-the-market presumption, a plaintiff seeking class certification would be required to show the impossible — reliance by each individual prospective class member who bought the stock.

What must a plaintiff do to invoke the fraud-on-the-market presumption in aid of class certification? Today we join the

Third and Seventh Circuits in holding that the plaintiff must (1) show that the security in question was traded in an efficient market (a fact conceded here), and (2) show that the alleged misrepresentations were public (a fact not contested here). As for the element of materiality, the plaintiff must plausibly allege — but need not *prove* at this juncture — that the claimed misrepresentations were material. Proof of materiality, like all other elements of a 10b-5 claim, is a merits issue that abides the trial or motion for summary judgment. Likewise, rebuttal of the fraud-on-the-market presumption, at least by showing that the alleged misrepresentations were not material, is a matter for trial or summary judgment, not a matter to be taken up in a class certification motion.

In this case, the plaintiff plausibly alleged that several of the defendants' public statements about Amgen's pharmaceutical products were false and material. Coupled with the concession that Amgen's stock traded in an efficient market, this was sufficient to invoke the fraud-on-the-market presumption of reliance. The district court did not abuse its discretion in certifying the class.

## I.   Background

Connecticut Retirement Plans and Trust Funds brought this securities fraud action against biotechnology company Amgen Inc. and several of its officers, alleging that, by misstating and failing to disclose safety information about two Amgen products used to treat anemia (a red blood cell deficiency), they violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

The complaint alleges four actionable misstatements. First, Amgen supposedly downplayed the FDA's safety concerns about its products in advance of an FDA meeting with a group of oncologists. Second, Amgen allegedly concealed details about a clinical trial that was canceled over concerns that

Amgen's product exacerbated tumor growth in a small number of patients. Third, Amgen purportedly exaggerated the on-label (that is, for FDA-approved uses) safety of its products. And fourth, Amgen allegedly misrepresented its marketing practices, claiming that it promoted its products solely for on-label uses when it in fact promoted significant off-label usage, in violation of federal drug branding statutes.

Those alleged misstatements and omissions, according to the complaint, inflated the price of Amgen's stock when Connecticut Retirement purchased it. Later, corrective disclosures allegedly caused Amgen's stock price to fall, injuring Connecticut Retirement.

## II.     The District Court's Class Certification Order

Connecticut Retirement moved in the district court to certify the action as a class action under Federal Rule of Civil Procedure 23(b)(3) on behalf of all purchasers of Amgen stock between the date of the alleged misstatements and omissions and the date of the corrective disclosures. Rule 23(b)(3) permits a party to maintain a class action if the Rule 23(a) prerequisites are satisfied and "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The district court found that the Rule 23(a) prerequisites were satisfied and that common questions predominated. Of the elements of a claim under Section 10(b) and Rule 10b-5, the district court found that the following questions were common to the class: whether Amgen made false statements, whether those statements were material, whether those statements were connected with the sale of securities, whether those statements were intentionally false, and whether those statements caused the class members' losses. The district

court further found that although the class members' losses differed depending on when and how much they bought, the losses would be simple to calculate.

The district court also ruled that the remaining element — reliance — was common to the class because the class could avail itself of the fraud-on-the-market presumption of reliance. That doctrine, first approved by the Supreme Court in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), rests on the efficient capital market hypothesis: The price of a stock traded in an efficient market fully reflects all publicly available information about the company and its business. *See* 485 U.S. at 241-42, 244-45, 246-47. If the stock price did not reflect a piece of publicly available information, the logic goes, then investors would have a strong incentive to buy the stock (if the information were positive) or sell it (if negative); in an efficient market, that activity would drive the stock price up or down until it fully reflected the information. Anyone who buys stock at the prevailing market price is presumed to have relied on that price — and, by extension, each piece of publicly available information it reflects — as a measure of the stock's value, even if the investor never saw that information. *See id.* at 247. Thus, the fraud-on-the-market presumption is a way to prove reliance — a causal link from the defendant's misrepresentation, reflected in the prevailing market price, to each class member's decision to buy the stock. The presumption, however, is rebuttable — for example, by showing that the market was already aware of the truth behind the defendant's supposed falsehoods and thus that those falsehoods did not affect the market price (the so-called "truth-on-the-market" defense), or by showing that a particular plaintiff would have bought the stock without relying on the integrity of the market price. *See Basic*, 485 U.S. at 248-49.

The district court ruled that Connecticut Retirement successfully invoked the fraud-on-the-market presumption by showing that Amgen's stock traded in an efficient market (which Amgen conceded) and that the alleged misstatements

were public (which Amgen did not contest). The district court further held that at the class certification stage, Connecticut Retirement did not need to *prove* — but rather could merely *allege* — that Amgen's supposed falsehoods were material to invoke the fraud-on-the-market presumption. Materiality would, of course, have to be proven at trial.

Moreover, the district court declined to afford Amgen an opportunity to rebut the presumption of reliance at the class certification stage, holding again that rebuttal of the presumption was a trial issue. Amgen's proposed rebuttal consisted of evidence purportedly showing that the truth behind each of the supposed misstatements had already entered the market by the time the misstatements were made. Amgen argued that the misstatements therefore could not have affected Amgen's stock price, or, by extension, anyone relying on the integrity of that stock price.

Having found that the Rule 23(a) prerequisites were satisfied and that common questions predominated, the district court certified the action as a class action under Rule 23(b)(3).

### III.   *Amgen's Interlocutory Appeal*

We granted Amgen's Rule 23(f) request for permission to appeal the district court's class certification order. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1292(e).

### IV.   *Analysis*

#### A.   *Connecticut Retirement's Motion to Vacate Grant of Permission to Appeal*

At the outset, Connecticut Retirement moves to vacate our grant of permission to appeal the certification order, arguing that the central issue in this appeal has been settled by three cases decided since the district court certified the class:

*United Steel, Paper & Forestry, Rubber, Manufacturing Energy, Allied Industrial & Service Workers International Union v. ConocoPhillips Co.*, 593 F.3d 802 (9th Cir. 2010), *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), *rev'd*, 131 S. Ct. 2541 (2011), and *Miller v. Thane International, Inc.*, 615 F.3d 1095 (9th Cir. 2010). But neither *United Steel Workers* nor *Dukes* was a securities fraud case, and thus neither had occasion to decide whether a securities fraud plaintiff must prove materiality to avail herself of the fraud-on-the-market presumption of reliance. *See United Steel*, 593 F.3d at 804 (state law wage and hour claim); *Dukes*, 131 S. Ct. at 2547 (sex discrimination claim). And *Miller* had no occasion to decide the question either, because that case was brought under a securities fraud statute that — unlike Section 10(b) here — does not require the plaintiff to show reliance. *See Miller*, 615 F.3d at 1102 n.2. Accordingly, because the question remains unsettled, we deny Connecticut Retirement's motion.

### B. *Elements That Must Be Proved at the Class Certification Stage to Invoke the Fraud-on-the-Market Presumption of Reliance*

We review a district court's class certification order for abuse of discretion, and any error of law on which a certification order rests is deemed a per se abuse of discretion. *See United Steel*, 593 F.3d at 807; *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090-91 (9th Cir. 2010).

As the party seeking class certification, Connecticut Retirement "bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met." *See United Steel*, 593 F.3d at 807. And the district court facing a class certification motion is required to conduct "a rigorous analysis" to ensure that the Rule 23 requirements are satisfied. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

Amgen argues that Connecticut Retirement failed to carry that burden because it did not *prove* that Amgen's supposedly

false statements were material. If those misrepresentations were *im*material, Amgen contends, they by definition would not affect Amgen's stock price in an efficient market, and thus no buyer could claim to have been misled by an artificially inflated stock price. Thus, Amgen concludes, each individual plaintiff would be left to prove reliance at trial individually — making a class proceeding unwieldy.

The problem with that argument is that, because materiality is an element of the *merits* of their securities fraud claim, the plaintiffs cannot both fail to prove materiality yet still have a viable claim for which they would need to prove reliance individually. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005). If the misrepresentations turn out to be material, then the fraud-on-the-market presumption makes the reliance issue common to the class, and class treatment is appropriate. But if the misrepresentations turn out to be immaterial, then *every* plaintiff's claim fails on the merits (materiality being a standalone merits element), and there would be no need for a trial on each plaintiff's individual reliance. Either way, the plaintiffs' claims stand or fall together — the critical question in the Rule 23 inquiry. As the Supreme Court said in *Dukes*,

> "[w]hat matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."

131 S. Ct. at 2551 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

By contrast, the elements of the fraud-on-the-market presumption — whether the securities market was efficient and whether the defendant's purported falsehoods were public —

are not elements of the merits of a securities fraud claim. *See Dura Pharm.*, 544 U.S. at 341-42. Thus, if the plaintiffs failed to prove those elements, they could not use the fraud-on-the-market presumption, but their claims would not be dead on arrival; they could seek to prove reliance individually. That scenario, however, would be inappropriate for a class proceeding. Accordingly, the district court was correct to require Connecticut Retirement to prove at the class certification stage that the market for Amgen's stock was efficient and that Amgen's supposed misstatements were public. (Because those elements were uncontested, we need not decide the applicable standard of proof for proving those elements at the class certification stage.)

  **[1]** The Seventh Circuit, recently faced with this same issue, held that proving materiality is not a precondition to invoking the fraud-on-the-market presumption at the class certification stage:

> Defendants say that, before certifying a class, a court must determine whether false statements materially affected the price. But whether statements were false, or whether the effects were large enough to be called material, are questions on the merits. Although we concluded in [a prior case] that a court may take a peek at the merits before certifying a class, [we] insisted that this peek be limited to those aspects of the merits that affect the decisions essential under Rule 23. If something about "the merits" also shows that individual questions predominate over common ones, then certification may be inappropriate. Falsehood and materiality affect investors alike, however. It is possible to certify a class under Rule 23(b)(3) even though all statements turn out to have only trivial effects on stock prices. Certification is appropriate, but the class will lose on the merits.

*Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010). The Third Circuit agrees. *See In re DVI, Inc. Sec. Litig.*, 639 F.3d

623, 631 (3d Cir. 2011) ("To invoke the fraud-on-the-market presumption of reliance, plaintiffs must show they traded shares in an efficient market, and the misrepresentation at issue became public.") (citations omitted).

The three circuits that require a plaintiff to prove materiality at the class certification stage do so on the apparent rationale that a footnote in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), compels it. *See id.* at 248 n.27 ("The Court of Appeals held that in order to invoke the presumption, a plaintiff must allege and prove . . . that the misrepresentations were material . . . ."); *see also In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 481 (2d Cir. 2008) ("The *Basic* Court thereby set forth a test of general applicability that where a defendant has (1) publicly made (2) a material misrepresentation (3) about stock traded on an impersonal, well-developed (i.e., efficient) market, investors' reliance on those misrepresentations may be presumed.") (citing *Basic*, 485 U.S. at 248 n.27); *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 264 (5th Cir. 2007) ("The Supreme Court in *Basic* adopted this presumption of reliance . . . . Reliance is presumed if the plaintiffs can show that '(1) the defendant made public material misrepresentations . . . .' ") (citation omitted), *abrogated on other grounds by Erica P. John Fund*, 131 S. Ct. at 2183, 2186; *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 8 n.11 (1st Cir. 2005) (noting in a dictum that to invoke fraud-on-the-market presumption at class certification stage, plaintiff must prove materiality) (quoting *Basic*, 485 U.S. at 248 n.27).

But as the Seventh Circuit pointed out, those circuits misread the *Basic* footnote: "All note 27 [in *Basic*] does . . . is state that the court of appeals deemed materiality essential; the Justices did not adopt it as a precondition to class certification." *See Schleicher*, 618 F.3d at 687; *see also Basic*, 485 U.S. at 248 n.27. That reading of *Basic* also enjoys support from the Supreme Court's more recent formulations of the presumption in *Erica P. John Fund* and *Dukes*, which require

the plaintiff to show that the stock was traded in an efficient market but do not mention materiality as a requirement. *See Erica P. John Fund v. Halliburton*, 131 S. Ct. 2179, 2185 (2011); *Dukes*, 131 S. Ct. at 2552 n.6.

**[2]** Moreover, two Ninth Circuit cases have mentioned materiality as an element of the presumption, but neither squarely held that a plaintiff must prove materiality at the class certification stage. *See Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999) (noting that "the presumption of reliance is available only when a plaintiff alleges that a defendant made material misrepresentations or omissions concerning a security that is actively traded in an 'efficient market,'" but holding that presumption did not apply because market was not efficient); *Blackie v. Barrack*, 524 F.2d 891, 900-01 & n.17, 905-08 (9th Cir. 1975) (holding, in pre-*Basic* case, that complaint's allegation of materiality sufficed to trigger presumption).

**[3]** In sum, because proof of materiality is not necessary to ensure that the question of reliance is common among all prospective class members' securities fraud claims, we hold that plaintiffs need not *prove* materiality to avail themselves of the fraud-on-the-market presumption of reliance at the class certification stage. They need only allege materiality with sufficient plausibility to withstand a 12(b)(6) motion. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

C.   *Opportunity to Rebut the Presumption at the Class Certification Stage*

Amgen also argues that the district court erred by not affording it an opportunity to rebut the fraud-on-the-market presumption at the class certification stage. Specifically, Amgen sought to introduce evidence that FDA announcements and analyst reports about Amgen's business publicized the truth about the safety issues looming over Amgen's drugs, and thus that Amgen's alleged misrepresentations could not

have affected the stock price — the so-called "truth-on-the-market" defense. *See, e.g., Basic*, 485 U.S. at 248-49 ("[I]f, despite [defendants'] allegedly fraudulent attempt to manipulate market price, [the truth] credibly entered the market and dissipated the effects of the misstatements, those who traded . . . after the corrective statements would have no direct or indirect connection with the fraud.").

**[4]** But as the Supreme Court and Ninth Circuit have explained, the truth-on-the-market defense is a method of refuting an alleged misrepresentation's *materiality*. *See, e.g., Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1097-98 (1991); *Provenz v. Miller*, 102 F.3d 1478, 1492 (9th Cir. 1996). As explained above, a plaintiff need not prove materiality at the class certification stage to invoke the presumption; materiality is a merits issue to be reached at trial or by summary judgment motion if the facts are uncontested. The only elements a plaintiff must prove at the class certification stage are whether the market for the stock was efficient and whether the alleged misrepresentations were public — issues that Amgen does not contest here.

**[5]** Thus, the district court correctly refused to consider Amgen's truth-on-the-market defense at the class certification stage.

**AFFIRMED.**