E-FILED-10/26/16

1  **LABATON SUCHAROW LLP**
   Thomas A. Dubbs (*pro hac vice*)
2  *tdubbs@labaton.com*
   James W. Johnson (*pro hac vice*)
3  *jjohnson@labaton.com*
   Christopher J. McDonald (*pro hac vice*)
4  *cmcdonald@labaton.com*
   Richard T. Joffe (*pro hac vice*)
5  *rjoffe@labaton.com*
   Nicole M. Zeiss *(pro hac vice)*
6  *nzeiss@labaton.com*
   140 Broadway
7  New York, NY 10005
   Telephone: (212) 907-0700
8  Facsimile: (212) 818-0477

9  Attorneys for Lead Plaintiff and Class
   Representative Connecticut Retirement Plans
10 and Trust Funds and Counsel for the Class

11 **KREINDLER & KREINDLER LLP**
   Gretchen M. Nelson (#112566)
12 *gnelson@kreindler.com*
   707 Wilshire Boulevard, Suite 3600
13 Los Angeles, California 90017
   Telephone: (213) 622-6469
14 Facsimile: (213) 622-6019

15 Local Counsel for Lead Plaintiff and Class
   Representative Connecticut Retirement Plans
16 and Trust Funds

                    **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
                             **WESTERN DIVISION**

| | |
|---|---|
| IN RE AMGEN INC. SECURITIES LITIGATION | **Case No. CV 07-2536 PSG (PLAx)**<br><br>**Honorable Philip S. Gutierrez**<br><br>[~~PROPOSED~~] **JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>**Date: October 25, 2016** |

WHEREAS, a class action is pending in this Court entitled *In re Amgen Inc. Securities Litigation*, Case No. CV 07-2536 PSG (PLAx) (the "Action");

WHEREAS, by Order on August 12, 2009, the Court certified a class of: all persons and entities that purchased the publicly traded securities of Amgen Inc. ("Amgen" or the "Company") during the period from April 22, 2004 through May 10, 2007, inclusive, (the "Class Period") and were damaged thereby (the "Class"). Excluded from the Class are: (a) Defendants; (b) former Defendants; (c) the affiliates and subsidiaries of the Company, including the Company's employee retirement and benefit plan(s); (d) the officers and directors of the Company and its subsidiaries and affiliates at all relevant times; (e) members of the immediate family of any excluded person; (f) the legal representatives, heirs, successors, and assigns of any excluded person; and (g) any entity in which any excluded person has or had a controlling interest. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and by Order of the Court, also excluded from the Class is any person or entity that submitted a timely and valid request for exclusion pursuant to the Notice of Pendency of Class Action (the "Class Notice") disseminated to the Class, who does not opt back into the Class;

WHEREAS, pursuant to this Court's Order entered November 10, 2015, the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, Court-appointed Class Representative Connecticut Retirement

Plans and Trust Funds ("Connecticut Retirement", "Lead Plaintiff" or "Class Representative") on behalf of itself and the certified Class, on the one hand, and Amgen, Kevin W. Sharer, Richard D. Nanula, Roger M. Perlmutter, and George J. Morrow (collectively, the "Individual Defendants" and, with Amgen, the "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement, dated as of July 20, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of their proposed settlement and the release of claims and dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered August 9, 2016 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 25, 2016, at 1:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

WHEREAS, by the Preliminary Approval Order, this Court: (a) ordered that notice of the proposed Settlement be provided to potential Class Members, including that summary notice be published once in the national edition of *The Wall Street Journal* and be transmitted once over the *PR Newswire*; (b) provided Class Members with the opportunity to (i) opt-back into the Class if they previously submitted a valid and timely request for exclusion from the Class in connection with the Class Notice; (ii) request exclusion from the Class in

connection with the Settlement Notice; or (iii) object to the proposed Settlement; (c) approved the proposed forms of notice of the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, Class Counsel have filed with the Court proof, by affidavit or declaration, of such mailing and publication of the Settlement Notice and Summary Settlement Notice of the proposed Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 25, 2016 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against all Defendants; and

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 20, 2016; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on September 20, 2016.

3. **Settlement Notice** - The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted

the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the Settlement (including the releases provided for therein), (ii) Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses, (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and payment of litigation expenses, (iv) their right to opt-back into the Class if they previously submitted a valid and timely request for exclusion in connection with the Class Notice, (v) their right to request exclusion from the Class in connection with the Settlement Notice; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(7), and all other applicable laws and rules.

4. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of the Released Claims as against the Defendants and the other Released Defendant Parties; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is in all respects fair, reasonable, and adequate.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Court has considered each of the objections to the Settlement and they are each overruled.  In addition, the Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection

and it is overruled on that basis.  The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit.  With respect to Mr. Hanks, the Court also finds and concludes that he is not a Class Member with standing and that, even if he were a Class Member, he has released his claims in the Action.  The Court has also considered the issues raised in the objection and finds that, even if Mr. Hanks were to have standing to object or had not released his claims in the Action, the objection is without merit.  The Court has also considered the objections raised by the other objectors and finds that those objections are without merit.

6. The Amended Complaint and all of the claims against Defendants by Class Representative and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on and inure to the benefit of Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and the Released Parties, as well as their respective heirs, executors, administrators, trustees, predecessors, successors, affiliates and assigns.  Any Person listed on Exhibit 1 hereto has validly requested exclusion in connection with the Class Notice or Settlement Notice, and has not opted-back into the Class, and shall not be bound by the terms of the Stipulation or this Judgment.

8. **Releases** - The releases as set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Accordingly, this Court orders that:

(a) Upon the Effective Date, Class Representative and each and every other Class Member, on behalf of themselves and each of their respective

predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, trustees, successors, and assigns of each of them, in their capacities as such, shall: (i) be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties; (ii) forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties; and (iii) be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claims.  The foregoing release is given regardless of whether such Class Representative or Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the Settlement Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Class Counsel for attorneys' fees and expenses; or (v) had their claims allowed.  This release shall not apply to any Person listed on Exhibit 1 hereto.

(b) Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall: (i) be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties; (ii) forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiff Party on the basis of any Released Defendants' Claims.

9. Notwithstanding ¶ 8 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** - The Court finds and concludes that the Parties and

their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Except as set forth in Paragraph 12 below, neither this Judgment nor the Stipulation, whether or not consummated, nor any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties with respect to the truth of any allegation by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of the Released Parties, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages,

negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Parties, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Judgment;

   (d) do not constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

   (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representative, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

  12. Notwithstanding the foregoing, the Parties and other Released Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (a) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to enforce any applicable insurance policies and any agreements relating thereto; or (c) to enforce the terms of the Stipulation and/or this Judgment. The Parties and other Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

  13. **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c)

any motion for an award of attorneys' fees and/or litigation expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and payment of litigation expenses. Such orders shall in no way affect or delay the finality of this Judgment, and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** - Without further approval from the Court, Class Representative and Defendants are authorized to agree to and jointly adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination** - If the Effective Date does not occur, or the Settlement is terminated as provided in the Stipulation, then this Judgment (other than Paragraph 11) and any orders of the Court relating to the Settlement shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation.

17. **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __25TH__ day of __October__, 2016.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILIP S. GUTIERREZ
_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## Persons Excluded from the Class Pursuant to Request in Connection with Notice of Pendency

|   | NAME | CITY | STATE |
|---|---|---|---|
| 1 | EDMUND F FICEK TRUST UA 12/15/98 EDMUND F FICEK TR | NORMAL | IL |
| 2 | ROBERT W FINKE | BIG SANDY | MT |
| 3 | RICHARD E BONDANZA | NEW PORT RICHEY | FL |
| 4 | HARRY A WICHT | CULPEPER | VA |
| 5 | DOLLARS & SENSE INVESTMENT CLUB C/O MADONNA SCHACKMANN | NEWTON | IL |
| 6 | ESTATE OF SALLIE POSTON KIDD THOMAS WAYLAND KIDD EXECUTOR | GEORGETOWN, | TX |
| 7 | WALTER COX | WILLIAMSBURG | MI |
| 8 | LUCIA S WELSH TRUST 2 DTD 2/16/94 LUCIA S WELSH TTEE | PASADENA | MD |
| 9 | ANNA L TOMEY | NORTH FORT MYERS | FL |
| 10 | JOE FAMILY TRUST DTD 7/9/94 ALVIN C JOE AND CHARLENE L JOE TRUSTEES F/T | FOSTER CITY | CA |
| 11 | CARLOS A MUNOZ JAIME | NAGUABO | PR |
| 12 | CAROLINE ZOE BALES-BICKLEY | KENNEDALE | TX |
| 13 | DONALD E & ROSE M DENNIS TRUST U/A DATED 11/06/90 DONALD E DENNIS TR | SAN JOSE | CA |
| 14 | TOVA MARIE SHERGOLD | SOUTH BARRINGTON | IL |
| 15 | KIM A DAY | NEWBURY PARK | CA |
| 16 | CHRISTOPHER D HAWKES | SANTA CLARA | CA |
| 17 | MARILYN K BIGWOOD | MINOT | ND |
| 18 | MICHELE C GOYETTE | SIMI VALLEY | CA |
| 19 | DOUGLAS R ANGELL | LITTLETON | CO |
| 20 | HENRY R DARLINGTON | LA QUINTA | CA |
| 21 | HELENE L OBACK-RUSSO | NEW YORK | NY |
| 22 | JOSEPH D RUSSO | NEW YORK | NY |
| 23 | ROBERTA R KOSTURN | WOODLAND HILLS | CA |
| 24 | STEVEN D HALL | SAN DIEGO | CA |
| 25 | JUDITH L GALLAGHER | BURLINGTON | ON |
| 26 | LOREN MENNENGA | BELMOND | IA |
| 27 | KENNETH JONES | BREMEN | GA |
| 28 | EYE CARE SPECIALISTS PROFIT SHARING TRUST DTD 2/15/83 DR JAMES T PATTEN TTEE | NORWOOD | MA |
| 29 | MARKETPLACE STUDY GROUP, A | PHOENIX | AZ |

[PROPOSED] JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT
CASE NO.: CV 07-2536 PSG (PLAx)

1

|   | NAME | CITY | STATE |
|---|------|------|-------|
|   | PARTNERSHIP KARLA BLAKE, TREASURER |   |   |
| 30 | CHRISTINE C SISKA | SEATTLE | WA |
| 31 | ROBERT L READ & EUDORA F READ | GROVE | OK |
| 32 | WILLIAM P FRANKLIN | GOLDSBORO | NC |
| 33 | DAVID S NOYES SR | DELAND | FL |
| 34 | EILEEN ELY | GREENWOOD | IN |
| 35 | PHILIP C TAGARI | NEWBURY PARK | CA |
| 36 | YUZO HAYASHI MAYUMI HAYASHI | URAWA CITY | JAPAN |
| 37 | SHARRON F FITZPATRICK | KENVIL | NJ |
| 38 | ANNE TEMSHIV | THOUSAND OAKS | CA |
| 39 | JANETTE G VALENTINE | LAKELAND | FL |
| 40 | ROBERT C AND MARIELLYN MCCRYSTAL TRUST MARIELLYN MCCRYSTAL, TRUSTEE | YPSILANTI | MI |
| 41 | HAER ENTERPRIZES INC C/O ELIZABETH CASEY | VANDALIA | OH |
| 42 | SEAN S ADAMS | NAPERVILLE | IL |
| 43 | SANDRA G JONES | RENSSELAER | NY |
| 44 | ERNST SAUERBRUCH | STEIN AM RHEIN | SWITZERLAND |
| 45 | LURAE ROWE | SOUTH JORDAN | UT |
| 46 | CATHERINE C LARMORE THOMAS H BEDDALL DEC'D | PARIS | VA |
| 47 | ANN E KUTA TRUST DTD 1/7/93 ANN E KUTA TRUSTEE | DES PLAINES | IL |
| 48 | SHERREY LYNN LUETJEN DOUGLAS A LUETJEN | SEATTLE | WA |
| 49 | STEVE WELSCH | ROCKTON | IL |
| 50 | GORDON L VICKERS AND NANCY G VICKERS TEN IN COM | WESTFIELD | NJ |
| 51 | HARRIETT S RINGO JOHN J RINGO | LEXINGTON | KY |
| 53 | TAI CHIU CHAN | LONG BEACH | MS |
| 54 | KATHRYN G MOTSINGER | WINSTON-SALEM | NC |
| 55 | CATHERINE C LARMORE THOMAS H BEDDALL DEC'D | PARIS | VA |
| 55 | SHIRLEY TOUNG | PALO ALTO | CA |
| 56 | SMITHSONIAN INSTITUTION | WASHINGTON | DC |
| 57 | SERGEJ NINKOVIC | BELGRADE | SERBIA |
| 58 | CHARLOTTE L KANE TRUSTEE FOR MAURICE M KANE TRUST U/A DTD 09/26/1986 | GREENVILLE | OH |
| 59 | JERRY WAYNE LEE | APEX | NC |
| 60 | JOYCE BEDNOWICZ | HAMPSHIRE | IL |
| 61 | DANIEL SCHWANKE | WEST HARTFORD | CT |

[PROPOSED] JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT
CASE NO.: CV 07-2536 PSG (PLAx)

2

|   | NAME | CITY | STATE |
|---|------|------|-------|
| 62 | MARY BETH CANTRELL | THOUSAND OAKS | CA |
| 63 | KENNETH H BARRATT | GREEN VALLEY | AZ |
| 64 | ALANNA J FEARING | LOS ANGELES | CA |
| 65 | HEATHER M BURNELL (AKA HEATHER M HEYDEN) | WESTLAKE VILLAGE | CA |
| 67 | YANIRA RODRIQUEZ NUNEZ | GURABO | PR |
| 68 | JANA C OSTLUND & DALE A OSTLUND | SNOHOMISH | WA |
| 69 | FRANCIS P COOLIDGE | BOXBOROUGH | MA |
| 70 | SUSAN W TRAMONT | CORAL GABLES | FL |
| 71 | ESTATE OF ROBERT C PARTENHEIMER | FORT PIERCE | FL |
| 72 | BRIAN COHEN | VICTORIA | AUSTRALIA |

## Persons Excluded from the Class Pursuant to Request in Connection with Settlement Notice

|   | NAME | CITY | STATE |
|---|------|------|-------|
| 1 | JEWELL A MEYER | Normal | ILL |
| 2 | HENRY J KOCH (DECEASED)/SANDRA KOCH | EMMETT | MI |
| 3 | JEFFREY LEIGH GRISWOLD | TITUSVILLE | FL |
| 4 | JAMES A TIMM | PORTAGE | MI |
| 5 | JORGE SANTIAGO | LAS PIEDRAS | PR |
| 6 | MARTHA BUTTERFIELD | CHATTANOOGA | TN |
| 7 | PATRICIA O'RILEY | PORTLAND | OR |
| 8 | CHUN-MEI SHIEH | NANZI DIST | KAOHSIUN TAIWAN |
| 9 | LINDA COLLINS HARP | MIDLAND | GA |